GAAR, SCOTT & COMPANY, Appellant, v. DAVID
A. BLACK et al., Respondents.

Kansas City Court of Appeals, July 2, and October 1, 1906.

1. **JUDGMENT: Limitations: Statute.** A judgment rendered in
1884 is not affected by the Statute of Limitations in Revised
Statutes of 1899.

2. ————: **Pleading: Answer: Consistent Defenses.** The answer
in an action on a judgment set up as pleas a general denial,
payment and compromise. *Held*, the pleas are not inconsistent,
since the one does not contradict the existence of the other.

3. ————: **Principal and Agent: Attorney and Client.** An attor-
ney has no authority to make a settlement, but on the evidence
plaintiff's attorney is shown to have been his agent.

Appeal from Pettis Circuit Court.—*Hon. Louis Hoff-
man,* Judge.

AFFIRMED.

*H. D. Dow* for appellant.

(1) This action is not barred by the ten-year
statutes of limitations. R. S. 1899, sec. 6796. (2) By
Laws 1895, at page 221, the act of the Legislature
amending section 6796, Revised Statutes 1889, and
limiting the period to ten years, did not destroy the
vested right in the plaintiff to bring his action within
a period of twenty years. Tice v. Fleming, 173 Mo.
49; Cranor v. School District, 151 Mo. 119; Chiles v.
School District, 103 Mo. App. 240. (3) The effect of
the new promises, fixes a new date as the point from
which the period of limitations is to be reckoned. Har-
per v. Eubank, 32 Mo. App. 258; 19 Am. and Eng. Ency.
Law (2 Ed.), p. 290. (4) The action of the court in
overruling the plaintiff's motion requiring the defend-
ant to elect was erroneous, as the pleas set forth in the

defendant's answer are inconsistent.   Harper v. Fidler, 105 Mo. App. 680; Nelson v. Brodhock. 44 Mo. 599; Ledbetter v. Ledbetter, 88 Mo. 60; Smith v. Culligan, 93 Mo. 574; Crowder v. Searcy, 103 Mo. 97; Crone v. Dawson, 19 Mo. App. 214; Caulfield v. Sands, 17 Cal. 571. (5) Especially is this so when the separate answer of defendant, Calvin Gehringer, alleges the cause of action of plaintiff never existed, and plaintiff had no legal right to bring the action.   Hardwick v. Cox, 50 Mo. App. 513; Scudder v. Atwood, 55 Mo. App. 512; Young v. Glasscock, 79 Mo. 574.

*R. A. Higdon* for respondent.

(1)   John H. Bothwell was the duly authorized and accredited agent and representative of the plaintiff and acted for and in behalf of his principal, Gaar, Scott & Company, the plaintiff, and the plaintiff is concluded by his act.   An attorney of record who prosecutes a suit to judgment for his client has authority to receive money due on the judgment.   Rhinehart v. Banking Company, 99 Mo. App. 384; State v. Hawkins, 28 Mo. 366; McDonaugh v. Doly, 3 Mo. App. 606; Vaughn v. Fisher, 32 Mo. App. 29; Pump Company v. Green, 31 Mo. App. 271; Cape Girardeau v. Fisher, 61 Mo. App. 511; McLachlin v. Barket, 64 Mo. App. 511, 523; Johnson v. Hurley, 115 Mo. 520.   (2)   A judgment may be paid in anything which a creditor will accept.   Am. and Eng. Ency. of Law. page 149 Y.

BROADDUS, P. J.—This suit was commenced on December 31, 1904, upon a judgment rendered on the 16th day of May, 1884, in favor of plaintiff against defendants for the sum of $541.35, founded upon two promissory notes.

The history of the case, which is somewhat involved in obscurity, is as follows:   It seems that sometime prior to the judgment, plaintiff sold to one Gebhart

some farm machinery, who afterwards sold it to the defendants, Black and Gehringer, who became liable in some way to pay the purchase money to plaintiff. The defendants failed to make payment for the machinery, whereupon plaintiff sued and obtained said judgment against them. Sometime in the year 1886 payments were made on the judgment, which reduced it to about $475. In June of that year, the defendant Gehringer and Calvin Gehringer, now deceased, executed a chattel mortgage to the plaintiff, which was to run for two years, to secure the payment of said judgment and also a certain promissory note. The mortgage included said machinery and some horses. There were payments made upon the mortgage, but as to the amount there is a dispute between the parties; but as they were not sufficient in amount to satisfy the mortgage and judgment, that is a matter of no importance in the present investigation. The amount of the note was $240.

The mortgage provided that upon condition broken plaintiff was authorized to take possession of the property and upon proper notice sell it at public auction at Gehringer's mill. The mortgagors having failed to pay the judgment and note, plaintiff by its agent took possession of the property and by consent of all parties the place of sale, after proper notice, was changed to Sedalia. But before the sale was made there was some agreement entered in to between the parties, by which a man by the name of Page should become the purchaser. John H. Bothwell, who was plaintiff's attorney, represented it in the transaction. By agreement between the parties Page took the property and assumed the payment to plaintiff of the sum of $200. Mr. Bothwell's evidence is to the effect that if Page paid the $200 the defendants were to stand discharged of the judgment and mortgage. Defendant Gehringer's statement, on the contrary, was that he was released by the terms of the agreement at the time when the property was turn-

ed over to Page and he assumed the payment of said sum of money. Mr. Bothwell testified that he had authority from the plaintiff to adjust the matter with defendants. There was evidence that the mortgage and judgment had been reduced by a payment from Black and by a sale of some of the mortgaged property and that the property turned over to Page exceeded in value the amount assumed by him for payment to plaintiff. Page failed to pay the $200.

The cause was submitted to a jury under instructions of the court, which returned a verdict for defendant. From the judgment rendered on the verdict plaintiff appealed.

As the judgment was rendered in 1884, the Statute of Limitations, as contained in Revised Statutes 1899, has no application, but the case is governed by the statute as it then existed, and this was the holding of the trial court. [Tice v. Fleming, 173 Mo. 49; Chiles v. School District, 103 Mo. App. 240.]

The defendants in their answer set up different pleas as a defense, viz.: A general denial, payment, and that the judgment was compromised and defendant released. To this answer plaintiff filed a motion to require defendants to elect under which of said pleas they would go to trial, which the court overruled. This action of the court is alleged as error, on the ground that said pleas are inconsistent.

The rule of law is, that defenses are inconsistent only when one fact contradicts another. [Cohn v. Lehman, 93 Mo. 574; Crowder v. Searcy, 103 Mo. 97.] The best illustration of the rule is found in Nelson v. Broadhack, 44 Mo. 596. There the defendant denied having executed the note and then pleaded payment. The court held that the pleas were not inconsistent. Under the construction of our courts as to what are, and are not, inconsistent pleas, the court was right in holding that pleading was not inconsistent within itself.

The plaintiff's contention, however, is, mainly, that there was no evidence that Bothwell was plaintiff's agent in making the settlement in which defendants claim they were released from the judgment. That, as attorney, he had no authority to make the settlement is admitted. But the evidence of Bothwell was that plaintiff authorized him to make a settlement with the defendants and that he did make such settlement, but not as stated by defendants. But proof of his authority in the matter we think was clearly shown.

The decision of this question disposes of all the remaining questions raised by plaintiff. Affirmed.