THE PEOPLE'S BANK, Appellant, v. STEWART, Respondent.

St. Louis Court of Appeals, Submitted January 19, 1909; Opinion Filed March 9, 1909.

1. **APPELLATE PRACTICE: Instruction: Bill of Exceptions.** The appellate court cannot notice exceptions to modifications in instructions made by the trial court where the bill of exceptions does not show that such modifications were made by the court.

2. **PLEADING: Non Est Factum.** In an action on several orders given by the defendant to the plaintiff for the payment of money to a third person, whereby the defendant became liable to the plaintiff for the amount so paid, the answer de-

nied the execution of the orders and alleged that such orders as were given by defendant to plaintiff were paid. This was a plea of *non est factum;* the plea of payment related not to the order sued on, but to other orders.

3. ———: ———: Release. And in such action, the defendant could not on its plea of *non est factum* prove that he was discharged from the payment of the orders or that he was a mere surety for others; such affirmative defenses were not available to him unless pleaded.

Appeal from Lawrence Circuit Court.—*Hon. John C. Turk,* Special Judge.

REVERSED AND REMANDED.

*McPherson & Hilpirt* for appellant.

A party will not be permitted to prove a matter not pleaded. Halpin Mfg. Co. v. School District, 54 Mo. App. 371. A party will not be allowed to introduce evidence in support of a defense not set out in his answer. Currier v. Lowe, 32 Mo. 203; Edwards v. Gibbony, 51 Mo. 129; Russell v. Whitely, 59 Mo. 196; Kuhn v. Weil, 73 Mo. 213; Weil v. Poston, 77 Mo. 284; Edgar . v. Kupper, 110 Mo. App. 280. Defendant contented himself with the denial of the fact that he gave the orders. Payment, accord and satisfaction or release or discharge by operation of law are affirmative .defenses, and, to be available to the defendant, must have been pleaded by him in his answer. In addition to not having been pleaded, neither of these pleas could have been made by him, along with the defense he did make of *non est factum,* for the reason that either of said special pleas and the defendant's denial of the execution of the said orders would have been inconsistent defenses. They are inconsistent because a plea of payment or accord and satisfaction, or release, or discharge, admit and presuppose a previous liability. Such pleas admit liability, and a plea on which a liability was both admitted and denied would, of . course, be inconsistent. Suter v. Bis-

choff, 63 Mo. App. 157; Adair v. Adair, 78 Mo. 630; Girls' Industrial Home v. Fritchey, 10 Mo. App. 345; Smith v. Culligan, 74 Mo. 387; Dezell v. Fidelity & Cas. Co., 176. Mo. 253; Shepherd v. Starritt, 35 Mo. 367; Vette & Huffman v. Evans, 111 Mo. 588.

*McNatt & McNatt* for respondent.

STATEMENT.—The petition in this case is made up of six counts. The first and second counts were dismissed by plaintiff. The third, fourth, fifth and sixth counts are on orders alleged to have been given by respondent to appellant. While the orders are for different amounts and giving different dates, they, so far as plead and proven, are substantially alike. Quoting the third count, it is as follows:

"And for another and further cause of action the plaintiff states that at all the dates and times mentioned in this petition it was a banking corporation organized under the laws of the State of Missouri, and was engaged in the banking business of Aurora, Missouri; and that at all such dates and times Roley & Co. was a copartnership engaged in running and operating a zinc mine at Aurora, Missouri.

"That on January 6, 1906, the defendant herein, Peter W. Stewart, by his written order of that date duly executed by him and delivered to the plaintiff, which said order is lost and cannot be filed herewith for that reason, ordered and requested the plaintiff to advance to the said partnership of Roley & Co. such sum as was needed to meet the payroll of said partnership due to and including that date.

"That on the said date the plaintiff accepted the said order of the defendant and advanced to the said Roley & Co. on the said order and requested of the defendant the sum then due by the said partnership on account of its payroll which plaintiff alleges was the sum of three hundred dollars, which said sum the plain-

tiff states it then paid on account of the said order of the defendant on account of the said payroll of the said partnership of Roley & Co.  Plaintiff further states that the defendant herein, Peter W. Stewart, had notice of the acceptance by the said plaintiff of the said written order aforesaid and of the fact that the plaintiff had paid the sum aforesaid on account of the payroll of the said partnership as aforesaid, on his written order aforesaid.

"Plaintiff further states that no part of the said sum so paid by it on the order in writing aforesaid signed and delivered to it as aforesaid by the defendant, has been paid to it by the said defendant or by the said partnership but the whole thereof, remains due and unpaid, although the same has been demanded of the said defendant and from the said partnership.

"Wherefore the plaintiff demands judgment against the defendant for the said sum of three hundred dollars, with interest thereon from January 6, 1906, at the rate of six per cent."

The answer after a general denial and omitting that part of it pertinent to the first and second counts, is as follows:

"And further answering defendant denies that he is or ever was a partner in the mining partnership of Roley & Co., as set out in plaintiff's petition, and denies that he was a partner in such or any mining partnership or any other partnership that in anyway became indebted to the plaintiff bank.

"And, further answering, defendant denies specifically that he made or executed either or any of the orders described in the plaintiff's petition in either of the counts therein, and denies that he authorized any one for him to make, execute, or deliver any such orders, and denies that he owes the plaintiff the sums described in the several counts set forth in its petition, or any sum whatever.

."That any orders which defendant may have given have long since been paid and discharged by said Roley & Co.

"Wherefore, he prays to be discharged from further answering and that he recover his cost herein expended and laid out."

This answer was sworn to by the defendant. Plaintiff filed a general denial in reply.

At the close of the testimony in the case, defendant interposed an instruction in the nature of a demurrer which was overruled. At the instance of the defendant, the court gave three instructions, marked 1, 2 and 5, which are complained of and which will be noted hereafter.

It is set out in the bill of exceptions, that exception was taken to the action of the court in giving instructions A, B, C, D and E, as modified by the court.

As will be noted, it is averred that the orders on which these four counts are based are alleged to have been lost or destroyed. The witnesses who testified as to the contents of the orders, testified that they were substantially as follows: "Please allow Roley & Co. to overdraw the amount of their payroll, as they did not get to turn in their ore for the week." That seems to have been for first order. The others appear to have read, "Allow Roley & Co. to check the payroll." All the orders, so far as the testimony goes, were signed by respondent, P. W. Stewart. They were addressed to the People's Bank, the appellant here. A great deal of testimony was given to the effect that Stewart, being a responsible man and in some way interested in the mining and milling enterprise of Roley & Co., had given these orders at the various dates mentioned in the petition; that the payrolls were cashed on his credit, and that the practice of the bank was, when the payrolls came in from Roley & Co., to figure up the amount of the payroll and take a note from Roley & Co. for that amount. As far as can be gathered from the tes-

timony, these notes were demand notes and were apparently discounted by the bank, the amount specified in them being placed to the credit of Roley & Co., and as Roley & Co. turned in money from their operations, the amount turned in was credited to the account of Roley & Co. It is claimed by the respondent that these notes were taken in payment of the orders and in lieu of them and that thereby the respondent Stewart was released from liability on these orders.

During the cross-examination of a witness, counsel for respondent, after eliciting the fact that the witness was the cashier of the appellant bank, asked this question: "And you instituted this suit, gave the notes to the attorneys to sue on? Did you order them to sue anybody but Stewart?" This was objected to by counsel for appellant and the objection sustained. Whereupon counsel for respondent asked witness this question: "Why didn't you sue Thorp and Thorp and Steve Roley?"

Mr. McPherson (counsel for appellant): We object to that as immaterial.

Objection sustained by the court. To which ruling of the court, the defendant by his counsel duly excepted at the time.

Mr. McNatt: We offer to show by this witness that he has refused to file or sue Steve Roley and the two Thorps, who composed the partnership of Roley & Co., and that therefore the plaintiff in this action would not be permitted to recover at all, until it is shown that he has exhausted his remedy; under any theory of law, this defendant could only be surety.

The court: "I believe you may prove that. To which ruling of the court plaintiff by its counsel duly excepted at the time." The witness was then asked to go ahead and answer why the bank had not sued these parties, which he did.

After a verdict for the defendant and the overruling of a motion for new trial, plaintiff duly excepting, appeals.

REYNOLDS, P. J. (after stating the facts).—Taking up the proposition as to the modification of four of the instructions asked by appellant, we cannot notice this exception because, while the brief of the learned counsel for appellant sets out what they claim was added to these instructions by the court, it does not appear by the bill of exceptions that those were the additions made by the court. We are therefore shut off from considering this assigned error as ground for reversal. Assuming, however, that the clause added by the court to these instructions was, as stated by counsel to be, "unless you further find and believe that the plaintiff accepted from Roley & Co., in full satisfaction of defendant's liability on the said orders, a demand note of the said Roley & Co., intending then and there to relieve the defendant from such liability on his said order," we will remark that under the pleadings in the case that addition should not have been made to the instructions asked by appellant, but, as before observed, in the state of the record we cannot reverse for that error. We are, however, compelled to reverse this case for an error that undoubtedly was prejudicial to the appellant, exception to the ruling of that court at the time that it occurred having been duly taken and saved. That error consisted in allowing respondent, over the objection of appellant, to show by the cashier of the bank while under cross-examination, that the bank had refused to sue Roley & Co., and the two Thorps and that, therefore, the plaintiff in this action should not be permitted to recover at all, until it had shown that it had exhausted its remedy; that under any theory of law the defendant could only be surety. The court allowed this to be done over the objection and exception

of the appellant. This was a fatal error. This same error runs through instructions Nos. 1, 2 and 5, given at the instance of the respondent. By instruction No. 1, the jury were told that even though they believe from the evidence that respondent executed and delivered the several orders sued on, authorizing the appellant to pay Roley & Co. certain sums of money, and even though they found that plaintiff did pay Roley & Co. the amounts or any part thereof, if they further found from the evidence that the orders simply authorized plaintiff to pay the money *acting as surety or guarantor* for the repayment of the same by Roley & Co., and that if after the date of the orders, Roley & Co. deposited with the plaintiff sufficient funds to repay the money obtained by the order, and that the plaintiff failed and neglected to appropriate and apply the deposits to the payment of the debt of Roley & Co., *for which the defendant stood surety or guarantor,* and failed to notify defendant that the indebtedness was not paid until after plaintiff had settled with the firm and had accepted their promissory note for the amounts covering the orders, and if they further find and believe that the bank did so receive and accept such notes, then plaintiff is entitled to recover in this action. The second instruction, in effect, told the jury that the orders sued on were different from demand notes and although the jury might believe that the defendant executed the orders, yet if they believed that plaintiff refused to allow Roley & Co. to check against the orders, unless they were given demand notes and took the demand notes from Roley & Co., in payment of the orders, and credited the amount thereof to the account of Roley & Co. before allowing them to check against the account, and afterwards purposely threw the orders in the waste basket, then defendant is not obligated by the orders and your verdict should be for the defendant. By the fifth instruction given at the instance of respondent, the jury were told that if they

believed from the evidence that the only orders that were given to plaintiff, signed by defendant, were accepted and received by plaintiff for the purpose of holding defendant *as surety for Roley & Co.* and to reimburse plaintiff for the overdrafts for the particular debts for which they were given, and that afterwards plaintiff had a settlement with Roley & Co. and accepted the demand notes of Roley & Co. in payment of the orders, then their verdict should be for the defendant. It will be noticed that all through these instructions the court proceeded upon the theory that the defendant was either a surety and had been released or that he had been discharged by the taking of other notes, or that the orders sued on had been extinguished by the acceptance of the notes of Roley & Co. There is no specific exception apparent in the abstract, and we have read it very carefully, to the admission of evidence tending to prove the payment of the orders and their extinguishment by the demand and acceptance of the notes of Roley & Co.; in point of fact, a careful reading of the proceedings at the trial, as disclosed by the abstract, convinces us that it would have been difficult to interpose a specific objection of that kind until the evidence was all in, and it is possible that it was impracticable to have raised that objection until the evidence was in, but the objection to the theory on which the case was tried is saved by exception to instructions given—and the very point of complaint and exception to the addition by the court of the proposition or fact of payment of the orders, if the part of the instruction set out by them as that added by the court is correct, is bottomed on the defense that no payment had been pleaded. Beyond question, when the instructions were given by the court at the instance of the respondent, the issues of suretyship and of discharge of the surety and of the payment of the orders by the notes and of the failure of the bank to prosecute the principal to the hurt of the surety, was submitted

to the jury by the instructions, to the giving of which instructions exception has been duly saved. As we have shown, there was specific exception saved to the introduction of testimony tending to show that the respondent was a surety and had been released by the acts of the bank. This is an error that we are at liberty to notice as ground for reversal. As will be noted, the counts, upon which the case went to the jury, four of them, are practically alike, differing only in the dates and amounts of the orders upon which they are founded, and they, in effect, charge that the respondent, by his written orders of certain dates, duly executed and delivered by him to plaintiff, which orders could not be filed by reason of their being lost, ordered and requested plaintiff to advance to the partnership of Roley & Co., such sum as was needed to meet the payroll of the partnership due to and including that date; that the plaintiff accepted the orders and advanced to Roley & Co., on the order and request of defendant, the sums then due by the partnership on account of its payroll, stating the amount advanced under each order; that the respondent had notice of the acceptance by plaintiff of the written order and of the fact that the plaintiff had paid the sums on account of the payroll under the orders aforesaid, and that no part of the sums mentioned in the orders had been paid by defendant or by the partnership but the same remains due and unpaid. That tendered a plain issue. The answer to this, as noted, is, first, a general denial, then a denial of the partnership of respondent in the firm of Roley & Co. (and that claim of partnership was abandoned at the trial), whereupon the answer proceeds to deny specifically the making or executing *of either of the orders in either of the counts set out,* and denies that defendant authorized any one for him to make, execute or deliver any such orders and denies

that he owes the plaintiff the sums described in the counts set forth in the petition or any sum whatever, and then avers "that any orders which defendant may have given have long since been paid and discharged by said Roley. Wherefore, he prays to be discharged from further answering and that he recover his costs herein expended and laid out." That is to say, here is a specific *denial of the execution of the orders sued on* or that anything is due on *them* and the plea of *non est factum* duly verified. The only plea of payment set up in the answer is the plea of payment, *not of the orders sued on,* but of orders other than these. As a matter of course this plea of payment does not reach the orders sued on, therefore, so far as these particular orders are concerned, they are defended against under the plea of *non est factum* and the rest of the plea is a general denial. It is settled by the adjudications of our court from the case of Nelson v. Broadhack, 44 Mo. 596, down to Gaar, Scott & Co. v. Black, 120 Mo. App. 181, and that the plea of *non est factum* is not inconsistent with the plea of payment. But in this case there is no plea of payment of the orders sued on. Furthermore, the defense of release because a surety, discharge for failure to notify defendant of certain facts, accord and satisfaction, payment, or any defense going to show the extinguishment of a cause of action which once existed, must be specially pleaded to avail a party as a defense. These are all affirmative defenses. [Jones v. Rush, 156 Mo. 264, l. c. 371; Trimble v. Railroad, 199 Mo. 44.] Even where the plea of payment is set up, the plea is held in law to mean payment in money; if payment is other than by money, or if it rests on an independent agreement, the substantive facts of the agreement must be pleaded and cannot be shown under a general denial or a simple plea of payment. [Moore v. Renick, 95 Mo. App. 202, l. c. 210.] To repeat, where a cause of action which once existed has been determined by some matter which subse-

quently transpired, such new matter must be specially pleaded. This covers, as before said, not only payment but release, discharge, accord and satisfaction. [Greenway v. James, 34 Mo. 326; Young v. Glasscock, 79 Mo. 574; Wilkerson v. Farnham, 82 Mo. 672; Hyde v. Hazel, 43 Mo. App. 669; Hardwick v. Cox, 50 Mo. App. 509; Scudder v. Atwood, 55 Mo. App. 512.] So, too, any special agreement upon which a party relies as a defense. [Meyer v. Broadwell, 83 Mo. 571.] While it was incumbent on plaintiff to aver that the notes or orders had not been paid, it was not bound to prove the fact of nonpayment. That was for defendant to aver and prove. It is urged here by counsel for appellant, that the plea of *non est factum* cannot be joined with the plea of payment because inconsistent, but as we have before noted, Nelson v. Broadhack, 44 Mo. 596, and cases following that, have established the contrary rule, the rule being that the answer may contain as many defenses as defendant may have, provided they are separately stated and are consistent with each other. [Munford v. Keet, 154 Mo. 36.] It is only when the proof of one necessarily disproves the other that defenses are said to be inconsistent and not capable of being joined in the same answer. This is also illustrated in Cox v. Bishop, 55 Mo. App. 135; Cohn v. Lehman, 93 Mo. 574. For the error then, which permeates all these instructions and which was present throughout the whole trial, in admitting what are held to be affirmative defenses under a general denial, and in instructing the jury on affirmative defenses, none of which have been pleaded, we are compelled to reverse this case. We do not deem it necessary to notice any of the many other alleged errors, as undoubtedly this case, if again tried, will be under a different set of pleadings and we cannot anticipate what they will be. It would therefore serve no useful purpose to further comment on this case. For the error in the admission of the line of testimony referred to and above noted,

we base our action in this case, but for the guidance
of court and counsel as far as we can, in anticipation
of the further conduct of the case, we have gone some-
what out of the record to call attention to the abso-
lute necessity of pleading affirmative defense, if any
exist of which defendant seeks to avail himself. The
judgment of the lower court is reversed and the cause
remanded. All concur.