HENDERSON C. HALL, Appellant, v. JOHN SMITH et al., Respondents.

Springfield Court of Appeals, July 7, 1910.

1. **VENDOR AND PURCHASER: Vendor's Lien: Liability of Deceased Purchaser's Heirs: Pleading: Evidence.** In a suit against the heirs of a deceased purchaser of real estate to recover on promissory notes alleged to have been given for the purchase of real estate and to have a lien declared on the land the answer denied under oath the execution of the notes. *Held,* proper to permit the defendants to show that a note other than the one sued on had been given as the purchase price of the land and that this note had been paid. *Held,* further, that unless the notes sued on were given for the purchase price of the land no judgment of any kind should be rendered against the defendants.

2. **PLEADING: Non Est Factum: Vendor's Lien: Burden of Proof.**
The burden of proof in a suit against the heirs of a deceased
purchaser of real estate to recover on promissory notes alleged
to have been given for the purchase price of the land and to
have a lien declared on the land, the answer was a plea of *non
est factum.* *Held,* that the burden was upon the plaintiff to
prove the execution of the notes and that they were given for
the purchase price of the land upon which the lien was sought.

3. **EVIDENCE:   Witnesses: Practice: Objecting to Testimony.**
Where the witness is competent for any purpose a general ob-
jection against the witness testifying should be overruled.

4. **PRACTICE: Declaration of Law.** When a case is tried by the
court without a jury the purpose of declarations of law is that
the appellate court may know the theory upon which the case
was tried in the lower court.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C.
Riley,* Judge.

AFFIRMED.

*Shepard & Shepard* and *O. R. Lilly* for appellant.

*Ward & Collins* for respondent.

GRAY, J.—This is an appeal by plaintiff from a
judgment of the circuit court of Pemiscot county, ren-
dered in favor of the defendants on the 29th day of Feb-
ruary, 1908. The petition is in two counts, each
declaring a promissory note for one hundred dollars,
dated October 12, 1896. The original notes, it is alleged,
were made by one A. Smith, payable to the order of
O. S. Henderson, and by endorsement, became the prop-
erty of the plaintiff. It was alleged that the original
notes were lost and that the ones filed are copies.

The petition alleges the death of Smith; that the
defendants are his heirs and legal representatives; that
Smith bought of Robinson sixty acres of land described
in the petition, and gave the notes for the purchase
price; that the notes were due and unpaid, and asked to

have the amount due on the notes adjudged a lien on the real estate.

The answer admitted the death of Smith and that Smith purchased from Robinson forty acres of the land described in plaintiff's petition, but denied the execution of the notes sued on, and alleged the fact to be that one note for two hundred dollars was given for the purchase price of the land, and that said note had been paid. The reply was a general denial.

On the trial of the case the plaintiff offered the defendant, Mrs. Smith, the widow of A. Smith, as a witness. After she had been asked several questions relating to the issues of the case, she was asked the following question:

"Q. Do you know whether or not this note was paid for this land. A. Yes, sir; it was paid."

Whereupon the counsel for the plaintiff made the following objections: "We object to the testimony from this witness for the reason she is the widow of A. Smith, and incompetent to testify."

The court made the following ruling: "Yes, sir, we will hear it subject to the objection, in order to get through with her and pass on the competency of it before we decide the case."

So far as the record discloses, the court made no further ruling on this testimony. The objection as made, should have been overruled. Mrs. Smith was a party to the suit, and she was a competent witness to testify to certain matters in the case. She was not a competent witness to testify to any conversations of her husband, but the objection was not limited to such testimony. She was a competent witness to testify to facts occurring since her husbands death. And the rule is if a witness is competent for any purpose, a general objection against the witness testifying should be overruled.

It is next assigned as error, the action of the court in permitting the defendants to prove that the two hun-

dred dollar note was paid in timber and not in cash. This is not a suit on the two hundred dollar note, and whether it had ever been paid is immaterial. The plaintiff was suing on two one hundred dollar notes, which he claimed were given for the purchase price of the land described in his petition. The defendants denied the execution of the notes under oath, and for the purposes of the case, no further pleadings were required. In order for the plaintiff to recover, it was necessary for him to prove the execution of the notes and that they were given for the purchase price of the land upon which a lien was sought. The defendant's testimony relating to the execution of a two hundred dollar note for the land and the payment of it, either in timber or money, was admissible under a general denial. No personal judgment was asked against the defendants, and unless the plaintiff's notes were given for the purchase price of the land, no judgment of any kind should have been rendered against the defendants.

In behalf of the plaintiff the court gave a declaration of law to the effect that if the notes sued on were copies of notes executed by A. Smith to Robinson as part payment of the land purchased by Smith from Robinson, then the finding should be for the plaintiff.

The case was tried before the court without a jury, and the purpose of declarations of law is that the appellate court may know the theory upon which the trial court tried the case. The declarations of law given and refused by the court in this case, show that the court tried the case on the theory that if the notes sued on were copies of notes given by Smith to Robinson for the purchase price of the land, then the plaintiff was entitled to recover. This was the correct theory. If the notes sued on were not copies of the notes executed by Smith which had been given for the purchase price of the land, then plaintiff was not entitled to recover. The introduction of any testimony showing what was given as the purchase price of the land and that the land had

Hall v. Smith.

been paid for was evidence overthrowing plaintiff's case, and the court did not err in admitting evidence that a two hundred dollar note had been given as the purchase price of the land and the note had been paid in timber.

We have examined Bank v. Stewart, 136 Mo. App. 24, 117 S. W. 99, relied on by the appellant, and do not find anything in that case inconsistent with what we have said herein. In that case the plaintiff sued defendant on several orders given by the defendant to the plaintiff. The answer was a plea of *non est factum* as to the orders sued on, and the further plea "that any orders which defendant may have given the plaintiff have long since been paid and discharged," and the court held that the answer did not plead the payment of the orders sued on, but as to such orders, the defendant was confined to evidence tending to prove that the orders had not been given.

The declarations of law given by the court in this case show that the court adopted that theory in trying the case, and instead of being in conflict with Bank v. Stewart, the court's rulings are in harmony with the law as therein declared.

We have examined the testimony, and while there is a sharp conflict therein, the trial judge had the witnesses for the defendant before him, and if he believed their testimony, the judgment is for the right party, and we do not believe the judgment is so out of harmony with the evidence as to authorize us to interfere. The witnesses differed on some of the details of the transaction, but it is not strange such was the case. The notes in controversy were more than ten years old and many of the transactions in evidence happened many years before the trial.

The judgment will be affirmed. All concur.