ANDY McINTURF, Respondent, v. REDELL MANUFACTURING & SUPPLY COMPANY Appellant.

Springfield Court of Appeals, December 4, 1911. Motion for Rehearing Overruled, January 8, 1912.

1. **LANDLORD AND TENANATS: Lease: Revocation: Dramshops.** Plaintiff, the owner of a building, leased the same to the defendant. At the time the lease was executed one C was conducting a saloon in the building, but the defendant owned the dramshop fixtures and it had loaned C the money to pay for his license. The lease contained a clause that in the event of local option, prohibition or other cause, whereby it became impossible to secure a dramshop license for the premises leased, then the lease should become null and void. Subsequently C's license was revoked because he had been conducting a disorderly house. *Held*, in an action for rent that under the evidence there was no merit in defendant's contention that defendant was unable to get possession of the building, for it appeared to have been understood that C was to continue to operate the dramshop. *Held*, further, that the revocation of C's license did not make the lease void for this alone did not make it impossible to secure a dramshop license for this location.

2. **CONTRACTS: Lease: Evidence: Immaterial Variance.** In an action for rent on a building under a written lease, the fact that plaintiff claimed there was but one copy of the lease signed by both parties while defendant claimed there were two copies, both signed by plaintiff and only one signed by defendant is immaterial.

3. **PLEADING: General Denial: Confession and Avoidance: Landlord and Tenant.** In an action for rent on a building used for a dramshop, the lease for which contained a clause that in the event of local option, prohibition or any cause it became impossible to secure a dramshop license at the location of the building, then the lease should become void, the defendant filed a general denial. *Held*, that under the general denial defendant could not show that the dramshop license had been revoked and that the lease for that reason was no longer effective, for having denied the execution of the lease he could not make the affirmative defense of confession and avoidance.

4. **LANDLORD AND TENANT: Lease: Revocation: Evidence: Burden of Proof.: Dramshops.** In an action for rent under a lease of a building used for a dramshop, which lease contained a clause that it should become void if for any reason a license could not be obtained for this location, it appeared that the dramshop license had been revoked because the keeper had been conducting a disorderly house, the testimony of a witness that no other dramshop license could be obtained was held to be a mere conclusion and that where it appeared that no efforts had been made to procure another license the trial court was not compelled to find that no person could have secured such license and a declaration of law placing the burden on the plaintiff to show that a license could have been obtained was properly refused.

Appeal from Jasper Circuit Court.—*Hon. D. E. Blair,* Judge.

AFFIRMED.

*M. R. Lively* for appellant.

(1) The plaintiff cannot plead one cause of action and recover on another. Buffington v. Railroad, 64 Mo. 246; Milling Co. v. Transit Co., 122 Mo. 258; Obert v. Dunn, 140 Mo. 476. (2) Where the declaration is on a special contract, the contract must be proved as set forth or the plaintiff cannot recover. 1 Wait's Act. and Def., p. 399, sec. 2; Lanitz v. King, 93 Mo. 513. (3) The contract pleaded here is the basis of the petition and is not merely a matter of inducement, and the one offered in evidence is not the one pleaded and the variance is material and plaintiff cannot recover. Koons v. Car Co., 203 Mo. 227. (4) Where plaintiff sues on a special contract, he must recover on such contract, or he cannot recover at all. He cannot recover on a quantum meruit. Koons v. Car Co., 203 Mo. 227; Taussig v. Mill & Land Co., 124 Mo. App. 209; Davis v. Drew, 132 Mo. App. 503; Henry County v. Bank, 108 Mo. 209. (5) The lease in evidence implies and carries with it the delivery of the peaceable and quiet possession of the premises under the

160 App.—43

implied covenants in said lease, "He who lets agrees to give possession and not merely the chance of a law suit." 5 Bingham, 440; Hughes v. Hood, 50 Mo. 350; Reiger v. Welles, 110 Mo. App. 173; Squires v. Brewing Co., 90 Mo. App. 469. (6) There is no ambiguity in this clause of the lease; it required no notice to put it into force and effect; it became self-operating; the intention of both parties regarding the purpose of demise must wield potent influence in interpreting any clause in it. Realty Co. v. Brewing Association, 133 Mo. App. 267.

*H. W. Currey* and *Geo. V. Farris* for respondent.

(1) The cause of action in this case is the rent due for seven months use and occupation of plaintiff's building, and the written lease is merely evidence of the contract and hence there was no variance; however, in this case the defendant filed no affidavit of surprise, as required by the statutes, so that even if there was a variance it was waived. Saunders Brick Co. v. Real Estate Co., 86 Mo. App. 169; Fisher Real Estate Co. v. Realty Co., 159 Mo. 562; Chonquette v. Railroad, 152 Mo. 257; White v. Ins. Co., 97 Mo. App. 590. (2) Defendants by accepting a written lease and placing their fixtures in the building and refusing to surrender them became liable for the stipulated rent. Taylor on Landlord and Tenant (9 Ed.), sec. 15; Hardy v.Winter, 38 Mo. 106. (3) Defendant's agent in charge of said building, having by his own wrong caused the revocation of a dramshop license for that location, and defendant failing to show that any other effort was ever made to obtain another license the defendant cannot be relieved from the payment of the rent as agreed on. Realty Co. v. Association, 133 Mo. App. 261; Squires v. Brewing Co., 90 Mo. App. 462. (4) The court committed no error in refusing defendant's declarations of law, as under the general denial the defendant could not make an affirmative de-

fense.   Alt v. Hobbs, 62 Mo. App. 669; Commission Co. v. Vanstone, 62 Mo. App. 241; Bank v. Stewart, 136 Mo. App. 24.   (5) The lessee in this case having expressly covenanted to pay the rent would be liable even if he had assigned the same and the lessor had consented to the assignment and accepted rent of the assignee.   Whetstone v. McCartney, 32 Mo. App. 430; Jones v. Barnes, 45 Mo. App. 590; Ward v. Krull, 49 Mo. App. 447.

GRAY, J.—This is an action to recover rent alleged to be due under a written lease.  The respondent at the time the lease was executed, was the owner of a building in Jasper county, and the appellant was a wholesale liquor dealer, and one Tony Caylor was conducting a saloon in the building.  The appellant had loaned Caylor the money to pay for his license, and also owned the dramshop fixtures. That on the 10th day of March, 1909, the parties executed a written lease, by the terms of which the defendant rented the building for a period of one year from the first day of April, 1909, at a rental of sixty dollars per month, was admitted by both parties.  The only difference between them, was respondent claimed there was but one copy of the lease and that it was signed by both parties, while the appellant claimed there were two copies, both of which were signed by the respondent, but only one signed by the appellant.  We deem this difference wholly immaterial, and this point will not be further noticed.

After the execution of the lease, Caylor with others continued to operate the saloon until sometime during the summer of 1909.  A petition was filed with the county court, charging that Caylor was conducting a disorderly house, and was violating all the laws governing dramshops.  Upon this petition a hearing was had resulting in an order revoking Caylor's license to keep the dramshop.

The lease contained the following clause: "It is agreed and understood that in the event of local option, prohibition or any other cause whatever it becomes impossible to secure a dramshop license for this location, then this lease shall become null and void." The rent was paid up to the time Caylor's license was revoked, but nothing was paid thereafter. In February, 1910, local option was adopted, and this suit is to recover the rent from the time the license was revoked up to the time local option was adopted. The answer was a general denial. Plaintiff obtained a judgment and defendant appealed.

It is appellant's first contention that at the time the lease was executed, the premises were in the possession of Caylor, who, afterwards, remained in possession as the tenant of respondent, and appellant was unable to obtain possession of the building, and therefore, the lease never went into effect.

Mr. Painter was the representative of appellant in procuring the lease, and he testified that his firm owned the fixtures and loaned Caylor the money to procure the the license, and that a short time after the license had been revoked, he met the respondent, who said to him that if he would surrender the lease he could re-rent the property; to which he replied: "It isn't necessary, you can lease it as it is; we will turn it over to you." The plaintiff testified that he demanded that the appellant execute a written lease for the property, as he did not want to look to the persons who were conducting the dramshop for his rent. In fact, all the evidence shows that it was understood between the parties that Caylor was to continue to operate the dramshop under the lease signed by the appellant.

It is next claimed that the lease became null and void when the county court revoked the license of Caylor to conduct the dramshop. Respondent says this question is not before us for review, because the answer was a general denial, and the defendant hav-

ing denied the execution of the lease, could not make the affirmative defense of confession and avoidance. This point is well taken. [Alt v. Hobbs, 62 Mo. App. 669; Bank v. Stewart, 136 Mo. App. 24, 117 S. W. 99; Greenway v. James, 34 Mo. 326; Young v. Glascock, 79 Mo. 574.]

But waiving this point, we are of the opinion that the evidence is not sufficient to authorize us to say, as a matter of law, that the lease became null and void for the reason that it was impossible to procure a dramshop license for the location. The burden was upon the defendant to show that the lease had become inoperative for that reason. The evidence discloses that the right to conduct the dramshop was revoked solely on account of the criminal acts and conduct of Caylor, who was conducting the saloon with the consent and under an arrangement with the appellant. The lease does not provide, if, for any reason it is impossible for Caylor or the appellant to procure a dramshop license for the location, that the lease is to be null and void, but only null and void when it is impossible for any one to secure a dramshop license for the location. The fact that Caylor, on account of his disorderly conduct in the building, was unable to procure a license, did not prove or tend to prove that a license could not be procured for the location, and no one can read the record without being convinced that if it was impossible to secure a dramshop license, it was solely due to the unlawful acts and conduct of Caylor and those associated with him.

The only other testimony tending to prove that a dramshop license could not be procured for the location, is found in the following question asked Mr. Painter, and his answer thereto: "Do you know whether or not after that dramshop license was revoked there a dramshop license would be obtained for this location? A. No, sir it could not." This was no more than the conclusion of the witness. No effort

was made to procure a license, and from this statement of the witness, the trial court was not compelled to find that no person could have secured a license for a saloon in the building, and whether any person could or not, was a question of fact for the trial judge to determine under proper declarations of law. The appellant's declaration of law on this issue placed the burden on the plaintiff, and therefore, was rightfully refused. The judgment must be affirmed. All concur.