JAMES R. HUME, Appellant, v. GEORGE B. EAGON, Respondent.

73  271
s83  580,

St. Louis Court of Appeals, January 18, 1898.

Promissory Note: ASSIGNMENT OF, BY PRESIDENT OF BANK, WITHOUT AUTHORITY OF DIRECTORS: SUBSEQUENT RATIFICATION: STATUTORY CONSTRUCTION. The assignment of a note, by the president of a bank, without authority of the board of directors, contrary to the provisions of the act of 1895, was a voidable, not a void act, and capable of ratification; and, when ratified, its legal effect was the same as if the authority to make the assignment had existed in the beginning. The purpose of that act was to restrict, not to take away, an existing power.

*Appeal from the Clark Circuit Court.*—HON. EDWIN R. McKEE, Judge.

REVERSED AND REMANDED.

*O. S. Callihan* and *T. L. & S. J. Montgomery* for appellant.

The general words of the act of 1895 following particular words, the latter are to be limited in their scope and application to the persons and things of the same kind and character as those specifically enu-

merated. *St. Joseph v. Porter*, 29 Mo. App. 605; *State ex rel. v. May*, 106 Mo. 488; *State v. Dennisse*, 109 *Id.* 438; *Bachman v. Brown*, 57 Mo. App. 68.

The acts of a cashier in indorsing and selling notes of a bank without authority of the board of directors, as required by the act of 1895, would only be voidable at the instance of creditors, stockholders, or directors of the bank. As to third parties all such acts would be valid. *Candy & Cracker Co. v. Ins. Co.*, 41 Mo. App. 530, 544; *Van Shaack v. Robbins*, 36 Iowa, 203; *Pierce v. Jackson*, 6 Mass. 242; *Smith v. Parton*, 6 Pick. (Mass.) 483. See, also, as to meaning of terms "null and void," Endl. on Inter. Stat. (1888), secs. 269, 270, and citations; *Candy & Cracker Co. v. Ins. Co.*, *supra; Kearney v. Vaughan*, 50 Mo. 284, 287; *Allen v. Huntington*, 2 Aiken, 249; 16 Am. Dec. 702.

If, as respondent contends, the assignment was void under the act of 1895, the cashier of the bank, James R. Hume, being a trustee for the bank, might sue in his own name to collect the debt without disclosing his principal. R. S. 1889, sec. 1991; *Young v. Hudson*, 99 Mo. 106; *Phillips v. Laclede Co.*, 76 *Id.* 68; *Dean v. Chandler*, 44 Mo. App. 343; *Guinotte v. Ridge*, 46 *Id.* 259; *Mfg. Co. v. Board Bros.*, 60 *Id.* 665. See, also, R. S. 1889, sec. 2511; *Holmes v. Board of Trade*, 81 Mo. 142; *Bank v. Coal Co.*, 86 *Id.* 138.

The ratification afterward made by the board of directors would have been sufficient even had the transfer been made without the knowledge and consent of the directors. *Savings Ass'n v. Morrison*, 48 Mo. 273, 275.

*Berkheimer & Dawson* and *Charles Miller* for respondent.

The pretended assignment of the note and mortgage given to secure the same, under which the plain-

tiff claimed title to the property replevied, was null and void, the president of the bank having no authority to assign and indorse the note to appellant, not having been authorized to do so by the board of directors. Acts 1895, sec. 1, p. 120; Black's Law Dic. 833; Anderson's Law Dic. 719; *Salters v. Hilgin*, 40 Wis. 365; *Sully v. Morgan*, 21 D. C. 88; Webster's Ency. Dic. (1891), p. 759; 16 Am. and Eng. Ency. Law, 104; *Bank v. Earle*, 13 Pet. 519; Jones on Chat. Mort. [3 Ed.], secs. 79, 80; 1 Jones on Mort. [3 Ed.], sec. 160, and citations.

Even at common law, in the absence of any statutory provision, neither the pleadings nor proof showed that appellant had any title to the note. 1 Morse on Bnkg. [3 Ed.], sec. 144; *Smith v. Lawson*, 18 W. Va. 212.

The power to assign and indorse must be conferred by the board of directors, meeting as a board. They can not confer the power individually. Morse on Bnkg. [3 Ed.], sec. 124; 1 Moraw. Priv. Corp. [2 Ed.], sec. 531; *Elliot v. Abbott*, 12 N. H. 549; *Baldwin v. Canfield*, 26 Minn. 43; *Smith v. Los Angeles Ass'n*, 12 A. S. R. 53; *Hill v. Coal Co.*, 119 Mo. 9; *State ex rel. v. Lockett*, 54 Mo. App. 202; *Stove Co. v. Curts*, 34 Mich. 89; *Shackelford v. R. R.*, 37 Miss. 202.

The act of indorsing the note at the time was a nullity, and could not be ratified. Mech. on Ag'cy, chap. 5, secs. 114, 115; Anderson's Law Dic. 857; *Wood v. McCain*, 7 Ala. 800; *Taylor v. Robinson*, 14 Cal. 396; 1 Am. and Eng. Ency. Law [2 Ed.], 1215; *Id.* [1 Ed.] 436; *Parmlee v. Simpson*, 5 Wall. 81; *Johnson v. Johnson*, 31 Fed. Rep. 700; *Whittenbrook v. Bellmar*, 57 Cal. 12; *Lampson v. Arnold*, 19 Iowa, 479; *Fisk v. Holmes*, 41 Me. 441; *Mahan v. Mahan*, 13 Pa. St. 376; *Bank v. Sharp*, 43 Am. Dec. 470; Story on

Ag'cy, secs. 245, 246; *McCracken v. San Francisco*, 16 Cal. 624; *Norton v. Bank*, 14 So. Rep. (Ala.) 874; *Pollock v. Cohen*, 32 Ohio St. 525; *Connor v. Littlefield*, 79 Tex. 76.

BIGGS, J.—This is an action to recover the possession of a stock of goods. The suit was begun on February 13, 1896. The defendant, as sheriff of the county, held the goods under writs of attachment against one John Sawyer. The writs were issued on the twenty-second day of January, 1896, and the levy was made on the same day. The plaintiff was in possession of the property at the time of the levy. Several defenses were interposed, only one of which we need notice. The Kahoka Savings Bank (a Missouri corporation) held the note of Sawyer.

On the twenty-fifth of January, 1896, the president of the bank assigned and delivered the note to plaintiff, who was acting as cashier of the bank. Subsequently on the same day Sawyer gave to plaintiff a chattel mortgage on the goods to secure the payment of the note. The note was overdue and the plaintiff took immediate possession of the property under the mortgage. After setting forth these facts the answer averred that the assignment of the note to plaintiff was made without the authority of the board of directors of the bank. In the replication the plaintiff admitted that his title to the goods was as alleged in the answer. In reference to the assignment the reply contains the following averments: "That thereafter, on the twentieth day of January, 1896, said bank, by George W. Bostic, as president of said bank, for value received, sold, assigned, transferred and delivered to the plaintiff by the indorsement of the above described note and that plaintiff became the owner and holder thereof, which said sale and assignment was so made at the time with

the knowledge and consent of the members of the board of directors of said bank and was also afterward on the eleventh day of January, 1897, duly ratified, confirmed and approved by said board of directors at a meeting of said board." On the motion of defendant the court struck out that portion of the reply. This ruling went to the root of plaintiff's case. However, the trial proceeded and the plaintiff offered evidence tending to prove the facts stated in that clause of the reply which had been struck out, which evidence the court excluded. In fact the court excluded all testimony offered by plaintiff. The court peremptorily instructed the jury to find the issues for the defendant. The jury so found and judgment was entered accordingly. The plaintiff has appealed. In 1895, section 2759, of article 7, chapter 42, of the Revised Statutes of 1889, was repealed and the following enacted in lieu thereof:

"SEC. 2759. The directors may appoint and remove any cashier or other employee at pleasure. The cashier or any other employee shall have no power to indorse, sell, pledge or hypothecate any notes, bonds or other obligations received by said corporation for money loaned, until such power and authority shall have been given such cashier or employee by the board of directors. The cashier, before entering on the duties of his office, shall give a good and sufficient bond, which shall be approved by the board of directors, in such sum and with such number of sureties as the board may direct, conditioned that he will well and faithfully perform all the duties of his office, and that they (the sureties) will hold the bank harmless for any loss occasioned by any act of such officer, until all his accounts with the bank shall have been fully settled and satisfied; and all acts of indorsing, selling, pledging and hypothecating done by said cashier or

or other officer or employee of said bank without the authority from the board of directors, shall be null and void."

In support of the judgment it is insisted that by the terms of the foregoing statute the assignment of the note to plaintiff was an absolute nul-

PROMISSORY note: assignment by president of bank without authority of directors: subsequent ratification: statutory construction. lity, and consequently could not thereafter be ratified. The primary or natural meaning of the words "null and void" is well understood. "A thing is void which is done against law at the time of doing it and when no person is bound by the act." *Anderson v. Roberts*, 18 Johns. 527. But these words are not always employed in their literal sense. In *Kearney v. Vaughn*, 50 Mo. 284, Judge BLISS said that the word void is "more often used to point out what may be avoided by those interested in doing so, than to indicate an absolute nullity. * * * Many things are called void which are not *absolutely* so, and as to mankind generally, are treated as valid. They can only be called *relatively* void." Endlich, in his work on the Interpretation of Statutes, section 270, in discussing the phrase "null and void," says: "What is void can always be assailed in any proceeding; what is voidable can be assailed only in a direct proceeding instituted for that purpose. The distinction, therefore, is of the greatest importance in its consequences as to third persons; for nothing can be founded upon what is absolutely void, whereas from those things which are voidable only fair titles may flow."

Nevertheless it is a distinction which is often ignored in statutes, the word "void" being used where "voidable" is really intended. Hence it is said that the term "void," as used in statutes, does not ordinarily import absolutely nullity, but does so only in a clear case. It is apparent from the authorities that whether

the words "null and void" in a statute are to be given their natural or a restricted meaning, is in most cases a question of construction. In determining this question regard must be had to the general policy and object of the act rather than to the construction of its sentences.

The object and purpose of the statute under consideration is obvious. It is a matter of general knowledge that many cashiers and other financial officers of banking institutions have heretofore indulged in the wildest speculations and the temptation to sell or hypothecate the securities belonging to their banks for their individual uses, has been so great that many of them have been unable to withstand it. In order to protect stockholders, directors and depositors against such wrongs, the legislature wisely concluded that some restrictions ought to be imposed on the general powers of such agents, hence it enacted that no assignment or hypothecation of the securities of a bank by any of its employees or officers should be valid, unless authorized by the board of directors. If the act had taken away from the cashier or other officer all authority to assign or hypothecate securities and have vested the power solely in the board of directors, then we think that any act of such officer in contravention of the statute would have no legal effect whatever, and hence would be incapable of ratification and would be open to collateral attack on the part of anyone. But the legislature did no such thing. It left the power to assign or hypothecate securities with the financial officers of the bank and only provided a safeguard against the abuse of the power. In other words, the purpose of the statute was to restrict and not to take away an existing power. We think it clear that the assignment of the note by the president of the bank was a voidable and not a void act. The act, when done,

was merely in excess of the authority vested in the officer, hence it was capable of ratification, and when ratified its legal effect was the same as if the authority to make it had existed in the beginning.    2 Morawetz, Corp., sec. 619.  Therefore the objection of the counsel for respondent that the alleged ratification occurred after the institution of the suit is without merit.

With the concurrence of the other judges the judgment of the circuit court will be reversed and the cause remanded.

It is so ordered.    All concur.