C. L. VANSANDT, etc., Respondent, v. JOHN B. HOBBS, Appellant.

**Kansas City Court of Appeals, June 4, 1900.**

1. **Bills and Notes:** STRANGER TAKING UP: PURCHASE. When a stranger to a note takes it up from the holder the transaction will be deemed a purchase and not a payment, nothing more appearing.

2. **Banks and Banking:** CASHIER'S AUTHORITY TO SELL: ASSETS: LAW OF 1895: RETROSPECTIVE. Under the law of 1895, the cashier of a bank has no power to sell the bank's notes until authorized by the directors, and that act applies to notes obtained by the bank before it went into effect and such application is not retrospective.

3. ————: CONVERSION: PURCHASING NOTE. A party purchasing a note from a bank cashier who has no authority to sell takes no title and is guilty of conversion.

4. ————: ————: ————. Defendant was president of a bank and treasurer of a loan association. T. and H. were negotiating a large loan from the association but needed a small sum at once for which they gave the bank their note. Defendant drew his check as treasurer and took up the note, the cashier having no authority to sell and the bank being in failing circumstances. Held, defendant was guilty of conversion of the note.

5. ————: CONVERSION OF NOTE: RESCISSION OF CONTRACT: STATU QUO. Where one is guilty of conversion in attempting to buy a note from an unauthorized cashier by drawing his check on his account in the bank then in failing circumstances, he, upon being compelled to pay the value of the note to the bank's receiver, will be entitled to have his accounts stand just as though he had not given the check; but the receiver will not be required to return the amount of the check before he can recover in conversion.

Appeal from the Cass Circuit Court.—*Hon. W. W. Wood,* Judge.

AFFIRMED.

Vanstandt v. Hobbs.

*Noah M. Givan* for appellant.

(1)   The note was paid.   Lionberger v. Kinealy, 13 Mo. App. 4; Shipp v. Stacker, 8 Mo. 145; Patrick v. Gaslight Co., 17 Mo. App. 462; Savings Ass'n v. Clayton, 6 Mo. App. 586, 587; Albers v. Bank, 85 Mo. 173; Boone on Banking, sec. 179.   (2)   After payment the note had no existence or value.   Printing Co. v. Roeder, 44 Mo. App. 328; Patrick v. Gaslight Co., *supra*; Bunn v. Lindsay, 95 Mo. 250; Riley v. Kershaw, 52 Mo. 226; Platt v. Potts, 11 Ired. L. (N. C.) 266; s. c., 53 Am. Dec. 412; Grady v. O'Reilley, 116 Mo. 355.   (3)   Having no value or existence, it can not be the subject of trover or conversion.   Lowremore v. Berry, 19 Ala. 130; s. c. 54 Am. Dec. 188.   The measure of damages in trover for notes, is, *prima facie*, the amount due on them. . 4 Am. and Eng. Ency. of Law, 124; 26 Am. and Eng. Ency. of Law, 845; Menkens v. Menkens, 23 Mo. 252; State to use v. Berning, 74 Mo. 98; Bredow v. Ins. Co. 28 Mo. 182; Parker v. Straat, 39 Mo. App. 616.   (4)   Trover and conversion can not be maintained when plaintiff has neither the right of property in, or right of possession to the thing alleged to have been converted.   Johnson v. Bank, 116 Mo. 559; Parker v. Rodes, 79 Mo. 88; Myers v. Hale, 17 Mo. App. 204; 3 Bouvier's Inst. No. 3516; 4 Am. and Eng. Ency. of Law, 117. (5)   The alleged conversion must be wrongful.   3 Bouvier's Inst. No. 3516; 4 Am. and Eng. Ency. of Law, 104-5; 26 Am. and Eng. Ency. of Law, 768.   (6)   Even if the transaction by which defendant received the Hardin and Twitchwell note be held to be a sale thereof to defendant, instead of a payment by him, then the Act of April 8, 1895 (Acts of 1895, p. 120) should not be construed as applicable to the sale of said note, as said Act did not go into effect until June 21, 1895, after the date of said note, and said Act is not retrospective.   To give it such retrospective effect would be

Vanstandt v. Hobbs.

to impair the obligation of the contract, by imposing a new duty upon the holder of said note, and attaching a new disability upon the negotiability of said note. Reed v. Swan, 133 Mo. 107-110; Bronson v. Kinzie, 1 How. 311; 11 L. C. P. 143; Robinson v. Magee, 9 Cal. 81; s. c. 70 Am. Dec. 638; Ins. Co. v. Richardson, 77 Fed. Rep. 395; Phinney v. Phinney, 81 Me. 450; s. c. 10 Am. St. Rep. 266. (7) Even if the law of 1895 applies to the alleged sale of the note in question, yet, as the contract of sale, being illegal only because prohibited by statute, has been fully executed by both parties, and defendant has paid for said note in full, and plaintiff has received, and still retains such payment, plaintiff will not be allowed to retain the benefit it has received from such sale, and, at the same time, set up its illegality. Hatch v. Hanson, 46 Mo. App. 333, and authorities cited; Trust Co. v. Railroad, 23 Fed Rep. 306; Loan & Trust Co. v. Railroad, 2 Fed. Rep. 117; Telegraph Co. v. Railway, 3 Fed. Rep. 423; 2 Morawitz on Corp., sec. 71; 2 Parsons on Cont., p. 790; Poplin v. Clausen (Ind. Ter.), 38 S. W. Rep. 974; Bank of Com. v. Bright, U. S. Cr. Ct. App. 77 Fed Rep. 951.

*Burney & Burney* for respondent.

(1) If a stranger take up a note, with the intention of continuing it as a subsisting obligation against the maker, the transaction will be deemed a purchase. Swope v. Leffingwell, 72 Mo. 348; Campbell v. Allen, 38 Mo. App. 27; Campbell & Co. v. Roeder, 44 Mo. App. 324. (2) To constitute payment, something valuable must be delivered by the debtor, or some person for him, to the creditor for the purpose of extinguishing the debt. Dodge v. Freedman's S. & T. Co., 93 U. S. 379 (L. C. P. Co. Ed.), Bk. 23, p. 920. (3) No written assignment is necessary. Boeka v. Nuella, 28 Mo. 180; Willard v. Moies, 30 Mo. 142; Davis v. Carson, 69 Mo. 610; Spears v. Bond, 79 Mo. 471; Wilson v. Smith,

Vanstandt v. Hobbs.

52 Mo. App. 135. (4) Such purchase by defendant, from the cashier of the bank without authority from the board of directors, was illegal and void. Sess. Acts, 1895, p. 120. (5) The act of the legislature was operative as to the note in controversy, and did not have the effect of impairing the obligation of any contract. Otoe County v. Baldwin, 111 U. S. 1 (Law Ed.), Bk. 28, p. 331; Hill v. Ins. Co., 134 U. S. 515 (Law Ed.), Bk. 33, p. 994. (6) The sale of the note by the cashier to defendant was prohibited by law. 4 Thompson on Corp., sec. 5743; Dillon on Mun. Cor. (4 Ed.), sec. 936; Bigelow on Estoppel (5 Ed.), 685; St. Louis v. Davidson, 102 Mo. 153. (7) In this case plaintiff retained nothing from defendant. The check was cancelled and destroyed, and nothing was received by the bank—only a change in the amount of the deposit account of defendant. Stones v. Richardson, 21 Mo. App. 17; Webb v. Allington, 27 Mo. App. 559; Ferneau v. Whitford, 39 Mo. App. 317.

ELLISON, J.—This is an action of trover for the conversion of a note of $750. The judgment in the trial court was for plaintiff.

It appears that the note was given May 31, 1895, to the Bank of Archie by J. C. Twitchwell and J. N. Hardin for $750 borrowed money. Afterwards, on July 20, 1895, this defendant, who was president of the bank, gave his check to the bank for the amount of the note and interest and it was turned over to him by the bank cashier. At this time the bank was insolvent, the state bank examiner having examined into its condition on the nineteenth of July, defendant receiving notice on the twenty-first of proceedings to close and for the appointment of a receiver, and the appointment was made on the twenty-third. This action is instituted by the plaintiff as receiver of the bank, he being the successor to the one first appointed.

When a stranger to a note takes it up from the holder the

transaction will be deemed a purchase and not a payment, nothing more appearing. Swope v. Leffingwell, 72 Mo. 348; Campbell v. Allen, 38 Mo. App. 27; Campbell v. Roeder, 44 Mo. App. 324.

This defendant was such stranger to the note and when he gave his check to the bank cashier and received from him the note, it may be conceded that it would have been a purchase, but for the force of the laws of 1895, p. 120, which declares that no bank cashier shall have the power to sell or hypothecate any of the bank's notes until such power and authority shall have been conferred by the board of directors. The authority was not given. The transfer by delivery thus made to defendant by the cashier was void and did not have the effect of making defendant the owner thereof.

It is suggested by defendant that the law of 1895 was not in force or effect until July 8, 1895, and that it could not apply to this transaction since this note was executed in May preceding the law. It is true the note was executed before the law took effect, but this transaction occurred several days after the law became obligatory. The law was a regulation of the power of banking officers and it affected their power and not the contract represented by the note. It affected their power or authority of disposal of the then existing assets of the bank. The point as to the law being retroactive has no proper application to such case.

It follows from the foregoing that the note remained the property of the bank and that defendant's act in taking it into his possession and holding it adversely to the bank was a conversion for which he is liable.

But there is a complicated statement of facts connected with the transaction which defendant claims changes its nature. Defendant, besides being president of the bank, was treasurer of a building and loan association, which had agreed to make a loan of $2,000 to Twitchwell and Hardin.

Vanstandt v. Hobbs.

And the check he gave for the note was signed as treasurer. The loan could not then be consummated and these parties needing a part of the money borrowed of the bank, gave the note in controversy, as has been stated. Defendant, after getting possession of the note in the manner stated, held it until some weeks later when he turned it in to the building and loan association and took credit for the amount thereof as treasurer. That association then, in making the $2,000 loan to Twitchwell and Hardin, deducted the amount of their note which such association had thus obtained from defendant as treasurer.

We can not see how these matters can affect the main question. The bank loan to Twitchwell and Hardin was not connected with the building and loan transaction. The note belonged to the bank and the property in the note, as we have pointed out, has never been changed from the bank.

It is stated that the bank represented by this receiver can not recover the value of this note without returning to defendant the amount of his check which he gave the cashier for it. Of course when one repudiates a transaction as unauthorized, he must return what he received. But here the defendant did not pay money into the bank. He checked on an account already in the insolvent institution. He can be placed *in statu quo* by having his account stand with that institution just as though he had not given the check. In other words, if he is compelled to pay the value of the note to this receiver, he will be restored to his account against the bank without its being diminished by the check. This result is just and equitable. Defendant ought not to be allowed an advantage over other creditors. A judgment in his favor would give him such advantage. His being president of the bank and necessarily aware of its condition at the time of this transaction, but adds to the justness of the result in the trial court.

---

---

The case has been elaborately briefed and many propo-sitions of law have been advanced by the respective counsel which are correct, but, in our opinion, the case turns on what we have here written.

The judgment is affirmed.  *Smith, P. J.*, concurs; *Gill, J.*, absent.