# WILLIAM J. LONG, Appellant, v. B. R. LONG, Respondent.

### Kansas City Court of Appeals, November 11, 1912.

1. **BILLS AND NOTES: Repugnant Defenses.** Two or more defenses to an action on a note are not inconsistent unless the proof of one would disprove the other.

2. **————: Payment: Non Est Factum: Bankruptcy.** A plea of payment, in an action on a note, is not repugnant to a plea of *non est factum*, since men sometimes pay demands for wh'ch they are not liable, nor would the plea that plaintiff had failed to list the note in h's bankruptcy schedule of assets, disprove the defenses of payment and *non est factum*.

3. **PLEADING: Burden of Proof: Evidence.** Where the answer puts in issue the title of the note, sued upon, and also payment thereof, the burden of proof is not shifted to the defendant, as it devolves on plaintiff to prove his title before defendant can be called upon to establish his affirmative defenses.

4. **BANKS AND BANKING: Authority to Endorse.** One acquires no title to a note which is made payable to a bank and endorsed by one of its officers without authority from the board of directors or its approval of his act.

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*Fry & Rodgers* for appellant.

*D. C. Carter* and *N. T. Gentry* for respondent.

JOHNSON, J.—This is an action on a negotiable promissory note for $1385, executed and delivered by defendant to the Farmers & Merchants Bank of Sturgeon, Missouri, March 21, 1904. The note matured one year after date and plaintiff claims that he purchased it for value before maturity, is its legal owner

and holder by indorsement of the payee, and that no part of it has been paid. The answer admits the execution and delivery of the note to the bank; denies that plaintiff is or ever was the legal owner and holder, pleads payment to plaintiff, and further pleads that plaintiff is not entitled to maintain the action for the reason that, during the period he claims to have owned the note, he filed a voluntary petition in bankruptcy and was discharged as a bankrupt without having listed it among his assets.

Plaintiff filed a reply in which he admitted "he filed his petition and schedules in bankruptcy" in April, 1907, and alleged that at that time he was not the owner of the note. At the beginning of the trial he filed a motion that defendant be required to elect on which of his alleged defenses he would rely, the theory of the motion being that the several defenses set up in the answer are inconsistent. The court did not take this view of the answer and overruled the motion.

After the jury were sworn, plaintiff asked the court to rule that the burden of proof was on the defendant but the court held that the pleadings cast this burden on plaintiff. At the close of the evidence the court gave a peremptory instruction to the jury to return a verdict for defendant, whereupon plaintiff took an involuntary nonsuit with leave to move to set it aside and in due course of procedure brought the case here by appeal.

The facts of the case are as follows: Plaintiff and defendant are brothers. In 1904 their mother, who was wealthy and a person of acknowledged business capacity, was the president and a large stockholder of the Farmers & Merchants Bank of Sturgeon, an incorporated bank. Plaintiff was the cashier and managing officer of the bank and owned stock in it of the par value of $9600. He owed his mother $2500, borrowed money, and had given her his note to evidence the in-

debtedness. In March 1904, the bank loaned defendant $1385, and received the note in suit from him. The bank did not do a prosperous business and becoming practically insolvent went out of business in August, 1904. Acting under a resolution of the board of directors passed at a regular meeting which authorized and directed plaintiff, as cashier, to sell and assign the assets of the bank to another bank in Sturgeon, plaintiff sold and assigned to that bank all of the assets its officers would accept, and the proceeds were used to discharge the indebtedness of the liquidating bank. There was some money left for distribution among the stockholders but the evidence does not disclose the amount nor the percentage of the distribution. The purchasing bank would not take the note of defendant and, without formal authority from the board of directors, plaintiff indorsed that note to himself and sent it by his father to his mother with the request that she take it, give him credit on his note of $2500 for the sum due on it and charge the amount as an advancement to defendant. There is some evidence that plaintiff's mother acceded to this request and there is contradictory evidence to the effect that she declined the proposal and told plaintiff "to do his own collecting." It is conceded she did not return the note and plaintiff excuses his failure to list it among his assets when he filed his schedules in the bankruptcy proceeding on the ground that the note was not in his possession and he did not think he owned it. His mother had been in possession of the note more than two years. She died in 1909 and neither this note nor plaintiff's note of $2500 could be found among her papers. This suit was not brought until after her death and it was brought as an action upon a lost note.

Mrs. Long left a will in which she charged plaintiff with advancements in the sum of $6500, and de-

fendant with advancements of $2800. Plaintiff testified: ''I know she did not give me credit with this note and I know it was not charged against defendant.'' Aside from this bare assertion there is nothing in the evidence to show whether or not the testatrix included the amount of the note in controversy in the advancements charged against defendant and deducted a like amount from the advancements made to plaintiff. We shall dispose of the points made in the brief of counsel for appellant in the order of their presentation.

First. The motion to elect was properly overruled. The rule is well settled that two or more defenses are not deemed inconsistent in a legal sense except where the proof of one necessarily would disprove the others. In an action on a promissory note a plea of payment is not repugnant to a plea of *non est factum*, since men sometimes pay demands for which they are not liable. [Nelson v. Broadhack, 44 Mo. 596; Bank v. Stewart, 136 Mo. App. 24; Gaar v. Black, 120 Mo. App. 181.] Nor can it be said that the defense interposed on the ground that the assertion by plaintiff of title in the note would be in fraud of the bankruptcy law would, if proved, disprove the two other defenses that plaintiff at no time owned the note and that defendant had paid it.

Second. The court did not err in refusing to cast the burden of proof on defendant. It is true a plea of payment is an affirmative defense and that the burden of pleading and proving such defense lies with the defendant, but the pleadings put in issue the title of plaintiff to the note; that fact was elemental to his cause of action and it devolved on him to plead and prove it before defendant could be called on to establish his affirmative defenses. [Dunlap v. Kelly, 105 Mo. App. 1; Discount Company v. Becker, 138 Mo. App. 54.]

Third.  We do not agree with counsel for plaintiff that error was committed in directing a verdict for defendant.  In the first place plaintiff acquired no title or right to the note under his pretended purchase from the bank, the payee and legal holder thereof.  If it be true, as he states, that as compensation to the bank he had the amount of the note charged to his stock account, and if we should assume that his stock in this insolvent corporation possessed a value equal to the value of the note, still plaintiff, as the cashier and managing officer of the corporation had no power to sell to himself a note belonging to the corporation in the absence of a grant of authority from the board of directors expressed in a formal manner at a regular meeting.

Section 1112, Revised Statutes 1909, provides that the cashier of an incorporated bank "shall have no power to indorse, sell . . . any notes . . . received by said corporation for money loaned, until such power and authority shall have been given such cashier or other officer by the board of directors, in a regular meeting of the board, a written record of which proceeding shall first have been made . . . and all acts of indorsing, selling, . . . done by said cashier, . . . without the authority from the board of directors, shall be null and void."

In Vansandt v. Hobbs, 84 Mo. App. 628, we construed the statute to denounce as void and not merely voidable any act of a bank cashier in violation of its provisions.  The St. Louis Court of Appeals in Hume v. Eagan, 73 Mo. App. 271, held that the true intent of the statute was to make voidable an act in contravention to its provisions and than an unlawful act of the cashier could be vitalized by a subsequent formal ratification by the board of directors.  We think this view of the statute, if countenanced, would have the effect of setting at naught its controlling purpose and would open the door to the very evils the Legislature in-

tended to suppress. The temptations of the managing officers of banking institutions to speculate with, and manipulate to their own advantage, the assets entrusted to their care and preservation should be removed or reduced to a minimum and that was the very object the Legislature had in mind when it provided that they could not sell or pledge any of the property of the bank without *first* obtaining authority from the board of directors at a regular meeting, expressed in the most formal way. To say that the board may do *afterwards* the very thing the statute says in the strongest language must be done *before* would be to disregard the plain letter and manifest spirit of the law and to restore in full vigor the abuses the statute was designed to suppress. But there is no question of subsequent ratification before us and we do not find it necessary to certify this case to the Supreme Court on account of the difference between us and the St. Louis Court of Appeals in the interpretation of the statute under consideration. Without any authority plaintiff took possession of his brother's note and without any attempt to have his act approved by the board of directors, asserted ownership in it and attempted to palm it off on his indulgent mother as his own property. He acquired no title to the property and his suit must fail on that ground if on no other. Further we think his own evidence shows beyond question that he did induce his mother to give him credit for the note but in view of what we have already said, which disposes of the case, we do not deem it necessary or expedient to go into that subject.

The judgment is affirmed. All concur.