BANK OF KIRKSVILLE, Appellant, v. JOHN SLOOP ET AL., Respondents.

Kansas City Court of Appeals, December 31, 1917.

1. **NOTES: Endorsement: Bank Cashier: Directors: Ratification.** Under the provision of section 1112, R. S. 1909, the endorsement by a bank cashier of one of the bank's notes without previous author-

ity from the board of directors, is void and cannot be ratified by the directors.

2. ———: General Denial: Title to Note: Cashier: Authority. Under a general denial, the makers of a promissory note to a bank, in an action against them by an indorsee, may show that the endorsee got no title by reason of the endorsement being made by the cashier of the bank who had not been previously authorized by the board of directors.

3. ———: Title: Void Endorsement: Remedy of Endorsee. Where the cashier of a bank endorses one of its notes without authority first had from the board of directors, no title is conveyed and the makers may make this defense against the endorsee. The remedy of the endorsee in such instance is to compel the bank to refund the purchase money; or, perhaps, to make an endorsement which will convey the title.

Appeal from Schuyler Circuit Court.—*Hon. N. M. Pettingill*, Judge.

AFFIRMED.

*Higbee & Mills* for appellant.

*Saxbury & Saxbury* and *Fogle & Fogle* for respondents.

ELLISON, P. J.—Plaintiff's action is on a promissory note. The trial court directed a verdict for defendant, whereupon plaintiff took an involuntary nonsuit.

The note was executed by defendants to the Farmers State Bank of Greentop for four thousand dollars with eight per cent interest from its date of July 26, 1915, due in ninety days. It was transferred to the plaintiff bank, on August 2, 1915, by the following endorsement in blank: "Without recourse. Farmers State Bank of Greentop, by W. L. Young, Cashier." Afterwards, on August 30, 1915, among other proceedings, the following entry was made in the record of a meeting of the directors of the latter bank: "Notice was taken of cash discount and approved that John Sloop guardian and curator of N. L. Caster et al note

to bank of Kirksville for $4000 same being assigned without recourse on us."

The petition alleged the execution of the note and its purchase by plaintiff and the endorsement we have set out. The answer of defendants was a general denial.

Defendants insist that the action of the cashier of the Farmers Bank in selling and endorsing the note was a nullity and did not convey title to the plaintiff. This insistence, under the express terms of the statute, is well founded. The statute (sec. 1112, R. S. 1909, in this respect re-enacted in Laws 1915, p. 146, sec. 90) reads that, "The cashier (of a state bank) or any officer or employee shall have no power to endorse, sell pledge or hypothecate any notes, bonds or other obligations received by said corporation for money loaned, until such power and authority shall have been given such cashier or other officer or employee by the board of directors, in a regular meeting of the board, a written record of which proceedings shall first have been made. . . . . And all acts of endorsing, selling, pledging and hypothecating done by said cashier, or other officer or employee of said bank, without the authority from the board of directors, shall be null and void."

This statute has several times been given a literal interpretation by the Supreme Court and Courts of Appeals. [Bank v. Lyons, 220 Mo. 538, 554; Bank v. Bank, 244 Mo. 554, 580, 599; Hume v. Eagon, 83 Mo. App. 576; Van Standt v. Hobbs, 84 Mo. App. 628, 632; Powers v. Woolfolk, 132 Mo. App. 354, 363; Miles v. Bank, 187 Mo. App. 230, 238; Musgrove v. Bank, 187 Mo. App. 483, 492.]

But it is said that the cashier's act was afterwards ratified by the board of directors at the meeting above noted. In other words, plaintiff asserts the validity of an act of the directors done after the cashier's endorsement, which the statute directs shall be done before, and if not the act declared to be "null and void." There cannot be ratification in such circumstances. [See opinion of BOND, J., in Hume v. Eagon, supra, p. 583, and Musgrove v. Bank, supra, p. 492;

Long v. Long, 167 Mo. App. 83.] The case cited by plaintiff (Cantrell v. Davidson, 180 Mo. App. 410) does not apply.

Plaintiff insists that the effect of section 1112, Revised Statutes 1909 now section 90, Laws 1915, page 146, and the decisions thereunder, has been changed by the amendment to section 1099, Revised Statutes found in section 80 Laws 1915, page 140. The statute as found in the latter section reads that. ''The board of directors of each and every bank organized or doing business under this article shall hold a regular meeting at least once each month and keep a written record of its approval or disapproval of each and every *purchase and sale of securities* and each and every *discount,* loan, *acceptance, renewal or other advance,* including every overdraft in excess of $100 made since the last regular meeting of the board'' etc. The words italicized are the changes made in section 1099 of the general statute, and the words ''purchase and sale of securities'' are the only ones affecting the present controversy. The sum and substance of plaintiff's contention is that if the board of directors is to ''approve or disapprove'' of a sale of securities after the sale has been made, it has the effect of annulling the provision of section 1112, now section 90, Laws 1915, page 146.

We think this is an incorrect view. The general statute (section 1112) is *rewritten* in the Law of 1915 (Sec. 90, p. 140), and as we have said above, it is declared therein that the cashier shall not have authority to sell the notes received by the bank for loans made by the bank, until he first gets authority from the board, and that if he does do so, his act is null and void. This reenactment of the statute was made by the Legislature with a knowledge of the construction placed upon it by the decisions of the Supreme and Appellate courts above cited, and it is not reasonable to say that the amendment to section 1099, was intended by the Legislature to turn its re-enactment of section 1112 of the general statute into meaningless and useless printed matter. Instead of intending such thing, it

intended to put express prohibition upon the right of the cashier of a bank to convey title to its assets and to annul his act if he attempted to do it. Otherwise a cashier might bodily strip a bank of its assets without its knowledge.

It is true that section 1099, as now amended by section 80, Laws 1915, page 140, should be held to serve some useful purpose, and we think that purpose is plainly secured by applying it to a regulation of the operation of the bank and the duties of the officers as between themselves and the bank. A bank cashier having been authorized by the board of directors, makes a sale of a part of its assets represented by a note; under this statute, it is the duty of the board to examine his report of the sale and ascertain when and how he carried out its orders, and to see that he accounts for the money in the manner directed. If he has carried out the direction of the board, his act will be approved. If he has not, it will be disapproved and he held responsible for dereliction in duty. This section of the statute, like many others in the same act, is intended to regulate the manner of conducting the bank as between the officers and the bank; and it manifestly should not have the effect of nullifying, by inference, express provisions found in a section further on in the same law. There is nothing new, or inconsistent, in requiring subsequent approval of things which must be previously authorized. They often subserve different purposes. If this law, as found in both sections, is obeyed, the bank's assets are safeguarded and the bank's internal management, orderly conduct and success in business are made secure.

It is of no concern of the purchaser of a note from the cashier whether the latter's act is afterwards approved by the board. His only concern is with the cashier's authority at the time of his purchase.

Plaintiff insists that defendants have no right to invoke the provisions of the statute, section 112 aforesaid, and endeavor to maintain that position by a course of argument we deem to be unsound. It is said that since the Farmers State Bank is not complaining, de-

fendants cannot be harmed.  But defendants as makers of the note have a right to question plaintiff's title. Its action is set forth in an ordinary petition on a promissory note alleged to have been duly endorsed to it by the Farmers Bank.  If that is not true—if it has no title—it has no right to maintain the action.  If the Farmers Bank has plaintiff's money and has not conveyed to plaintiff any title, plaintiff may compel it to refund, or, perhaps, if plaintiff prefers, to yet convey a title by proceeding according to the express provision of the statute.

The judgment is affirmed.  All concur.