ADDIE E. TAYLOR, Respondent, v. R. E. FUQUA, and J. G. FUQUA, Defendants, J. G. FUQUA, Appellant.

St. Louis Court of Appeals. Opinion Filed March 2, 1920.

1. **BILLS AND NOTES:** Judgments: Exhibits: Notes as Exhibits Not Part of Petition. Where, though the notes sued on were annexed to the petition as exhibits, and were referred to in the testimony, they were never offered in evidence; as exhibits they formed no part of the petition, and a judgment which purports to be based upon them has no foundation upon which to stand.

2. **BANKS AND BANKING:** State Bank: Act of Cashier in Violation of Statute Void: Board of Directors Cannot Ratify. An act of a cashier of a State bank done in violation of the Laws of 1915, pp. 146, 147, section 90, is absolutely void, and can confer upon no one any right or title to any note, bond, or other obligation attempted to be disposed of in contravention of its terms; and where a cashier attempts to perform an act in contravention of such statute, no subsequent action on the part of the board of directors, by way of ratification, can give any validity thereto.

3. ———: ———: Cashier Has Power to Sell Notes in Course of Business. Where notes were transferred to a bank of this State by an assignment executed by the payee on the back of each note, and the notes remaining unpaid the bank instituted a suit thereon in the circuit court and obtained judgment against the payee alone, the action of the cashier of the bank in directing the clerk of the circuit court to deliver the notes to the payee in order that she might sue the makers, was not void because without antecedent authority conferred by the board of directors of the bank, etc., under the Laws of 1915, pp. 146, 147, section 90; the statute does not deprive the cashier of power to sell notes or other obligations of which the bank may have title in the ordinary course of business.

4. **BILLS AND NOTES:** Payee in Note Entitled to Sue for Collection. Under section 10160, Revised Statutes of 1909, plaintiff, as payee in possession of the note, is the holder thereof, having the right to sue for its collection, and it was not necessary for plaintiff to go further and prove that she was such holder; the law raises a prima-facie presumption to that effect from the fact that she is the payee in possession.

5. **PRINCIPAL AND SURETY:** Surety Cannot Recover Against Principal Until Debt is Paid. A surety is not entitled to recover against his principal until he had paid the debt for which he became secondarily liable.

Appeal from the Circuit Court of Audrain County.—
*Hon. Samuel Davis,* Judge.

REVERSED AND REMANDED.

*Frank C. Hendrix* for appellant.

*Berryman Henwood* of counsel.

(1) The respondent is not the legal owner and holder of the notes in suit and, therefore, cannot maintain this action. Section 1112, R. S. 1909; Laws of Mo. 1915, page 146, sec. 90; Bank v. Sloop et al., 200 S. W. 72; Bank v. Lyons, 220 Mo. 554; Bank v. Bank, 244 Mo. 580, 599; Hume v. Eagon, 83 Mo. App. 583; Vansandt v. Hobbs, 84 Mo. App. 632; Powers v. Woolfolk, 132 Mo. App. 363; Miles v. Bank, 187 Mo. App. 238; Musgrove v. Bank, 187 Mo. App. 492. (2) The notes sued on were not admitted nor even offered in evidence, and, therefore, the judgment herein, based upon these notes, cannot stand. Encyc. of Evidence, page 469; Byerly v. Sun Co., 181 Fed. 138; Reed Bros. v. Nicholson, 158 Mo. 631; State ex rel. v. Crumb, 157 Mo. 561; Hickory County v. Fugate, 143 Mo. 79; Majors v. Maxwell, 120 Mo. App. 285; Pomeroy v. Fullerton, 113 Mo. 453; Vaughn v. Daniels, 98 Mo. 234.

*R. D. Rodgers* for respondent.

ALLEN, J.—The record herein discloses that early in 1913, defendant, R. E. Fuqua, son of defendant J. G. Fuqua, rented from plaintiff certain lands (the transaction being conducted, it is said, with plaintiff's husband); and that two notes, each of date February 10, 1913, were executed by said R. E. Fuqua and delivered to plaintiff for the amount of said rents. One of these

notes was for the sum of $400, due 319 days after date, and the other was for the sum of $125, due 166 days after date. Both bear the names of R. E. Fuqua and J. G. Fuqua, as makers; the latter, however, denies that he executed the instruments or authorized any one to affix his name thereto.

Prior to maturity, both of these notes were transferred by the plaintiff to the Vandalia Banking Association, a banking corporation of this State, by assignment executed by plaintiff upon the back of each note. And it appears that plaintiff's husband also signed the assignment on the back of the note for $400. It further appears that after maturity of both notes, sometime in 1914, the notes remaining unpaid, the Vandalia Banking Association instituted an action in the Circuit Court of Audrain County against R. E. Fuqua, J. G. Fuqua and this plaintiff and her husband. The record of the proceedings in that action are not before us in this record; but it is said that the cause was tried before a jury, and that the jury were unable to agree as to the liability of J. G. Fuqua and R. E. Fuqua, but returned a verdict against this plaintiff. In any event the evidence is that the plaintiff in that action, the Vandalia Banking Association, dismissed the action as to J. G. Fuqua and R. E. Fuqua, and that judgment was entered in its favor against this plaintiff, on both of said notes; the notes having been filed as exhibits in the case. With the matter in that shape, on May 2, 1916, the cashier of the Vandalia Banking Association wrote a letter to the Clerk of the Circuit Court of Audrain County, directing him to deliver the two notes to this plaintiff, upon plaintiff furnishing to the clerk copies thereof. This letter concluded with the statement: "She (Addie E. Taylor) desires to bring suit on said notes against the two Fuquas who appear on the face thereof as makers." In compliance with this direction the clerk delivered the notes to plaintiff, and on June 3, 1916, plaintiff instituted this action against R. E. Fuqua and J. G. Fuqua. Thereafter, to-wit, on December 6, 1916, the board of directors of the

Vandalia Banking Association passed a resolution which purported to approve and ratify the action of the bank's cashier in directing the clerk of the circuit court to deliver these notes to plaintiff.

The petition herein is in four counts. In the first count plaintiff declares upon the note for $400 and interest, as the payee and holder thereof; the note being filed therewith as an exhibit.

In the second count plaintiff pleads the execution of this note by defendants, to plaintiff's order; that plaintiff indorsed it, waiving notice and protest, and transferred and delivered it to the Vandalia Banking Association, whereby she became jointly liable with these defendants for the payment thereof, "but that her liability was that of a surety only as between this plaintiff and the defendant herein." It is then alleged that after maturity the bank brought suit thereon against these defendants, this plaintiff and plaintiff's husband; that such proceedings were had therein that the bank dismissed the action as to defendants R. E. Fuqua and J. G. Fuqua, but obtained judgment against plaintiff and her husband for the amount of the note, and interest; that the judgment is a lien upon lands owned by plaintiff in said Audrain county, and that she is liable to pay the same with accrued costs; and that by reason of the premises defendants have become indebted to plaintiff in the amount of the judgment, with interest thereon, and for the costs of the prior action, for which judgment is prayed.

In the third count plaintiff declares upon the note for $125 and interest, as the payee and holder thereof.

The fourth count proceeds upon the same theory as does the second count, viz., that plaintiff is entitled to recover as against these defendants the amount of the judgment obtained against her by the bank on account of her indorsement or assignment of the note for $125, with interest and the costs of the prior action.

In the present action R. E. Fuqua filed no answer and the case was dismissed as to him. It may be inferred that no service was had upon him.

Defendant J. G. Fuqua filed an answer denying, under oath, the execution by him of the notes or either of them.

The trial, before the court and a jury, resulted in a verdict on the first and third counts of the petition for the respective amounts of the two notes with interest. Judgment followed accordingly, from which defendant J. G. Fuqua prosecutes this appeal.

But two points are made by appellant's learned counsel. One of these is that the notes sued upon were not introduced in evidence. An examination of the record shows that though the notes were annexed to the petition as exhibits, and were referred to in the testimony, they were never offered in evidence. As exhibits they formed no part of the petition, and a judgment which purports to be based upon them has no foundation upon which to stand. [See Reed v. Nicholson, 158 Mo. 624, l. c. 631, 59 S. W. 977; Majors v. Maxwell, 120 Mo. App. 281, l. c. 285, 96 S. W. 731; State ex rel. v. Crumb, 157 Mo. 545, l. c. 561, 57 S. W. 1030.] This alone would compel a reversal of the judgment and a remanding of the cause.

The second question raised, however, is a still more serious one, for the reason that if it be well taken plaintiff can obtain no judgment upon the notes in this present action. The point is, that the bank's cashier, in the absence of antecedent authority conferred upon him by the board of directors of the bank, was without power to transfer these notes, or cause them to be transferred back to plaintiff so as to vest title thereto in her. At the trial below appellant's counsel objected to the introduction in evidence of the letter written by the bank's cashier to the clerk of the circuit court, upon the ground mentioned, and in like manner objected to the introduction of the subsequent resolution of the bank's board of directors. While the objection to the letter was overruled, the court, having first sustained an objection to the introduction of the resolution, afterwards permitted a part thereof to be read in evidence. In making his objection appellant's counsel read a por-

tion of the resolution, which, it appears, recited that by the cashier's direction to the clerk to deliver these notes to plaintiff, the cashier and the bank intended to "release and relinquish all right, title, interest or claim" of the bank to the notes. This part of the resolution was excluded from evidence.

The contention of appellant's learned counsel proceeds upon the theory that the act of the cashier in directing the notes to be delivered by the clerk to plaintiff was in contravention of section 90, Article II of the Act of 1915, relating to banks, trust companies, etc. [Laws 1915, pp. 146, 147.] This act repealed Articles I, II and III of Chapter 12 of the Revised Statutes of 1909, and certain amendatory acts, and enacted in lieu thereof three new articles. Section 90, supra, of the Act of 1915, reenacted section 1112, Revised Statutes 1909, with certain amendments or changes. Section 1112, as it appears in the revision of 1909, provides as follows:

"The cashier or any other officer or employee shall have no power to indorse, *sell*, pledge or hypothecate any notes, bonds or other obligations received by said corporation for money loaned until such power and authority shall have been given such cashier or other officer or employee by the board of directors. . . . And all acts of indorsing, *selling*, pledging and hypothecating done by said cashier, or other officer or employee of said bank, without the authority from the board of directors, shall be null and void." [Italics ours.]

Section 90 of the Act of 1915, supra, enacted in lieu of said section 1112, omits therefrom the words "sell" and "selling," italicised above; so that the provisions thereof here pertinent are as follows:

"The cashier or any other officer or employee shall have no power to indorse, pledge or hypothecate any notes, bonds or other obligations received by said corporation for money loaned until such power and authority shall have been given such cashier or other officer or employee by the board of directors. . . . And all acts of indorsing, pledging and hypothecating done by said cashier, or other officer or employee of said

bank, without the authority from the board of directors, shall be null and void.''

This section, therefore, as it now stands, deprives a cashier merely of the power to indorse, pledge or hypothecate notes, etc., received by the bank for money loaned, without antecedent authority conferred by the board of directors; making any such act void. It does not purport to deprive the cashier of all power to sell notes or other obligations of which the bank may have title, in the ordinary course of business.

It is true, as appellant contends, that it is well settled that an act of a cashier of a state bank done in violation of this statute is absolutely void and can confer upon no one any right or title to any note, bond or other obligation attempted to be disposed of in contravention of its terms; and that where a cashier attempts to perform an act in contravention of the statute, no subsequent action on the part of the board of directors, by way of ratification, can give any validity thereto. [See Bank v. Lyons, 220 Mo. 538, 119 S. W. 540; Third National Bank v. St. Charles Savings Bank, 244 Mo. 554, 149 S. W. 495; Hume v. Eagon, 83 Mo. App. 576; Vanstandt v. Hobbs, 84 Mo. App. 628; Powers v. Woolfolk, 132 Mo. App. 354, 111 S. W. 1187; Long v. Long, 167 Mo. App. 79, 150 S. W. 1135; Miles v. Bank, 187 Mo. App. 230, 173 S. W. 713; Musgrove v. Bank, 187 Mo. App. 483, 174 S. W. 171; Bank of Kirksville v. Sloop, 198 Mo. App. 225, 200 S. W. 72.]

In Bank v. Lyons, supra, l. c. 553, it was said that the object of the statute (Sec. 1112, supra) ''was to prevent any of the bank's officers from selling or otherwise disposing of the bank's notes and securities without authority first being granted by the board of directors.'' And see also in this connection Bank v. Sloop, supra. But section 90 of the Act of 1915 is expressly confined in its operation to unauthorized acts of a cashier, or other officer or employee, undertaking to ''indorse, pledge or hypothecate'' any notes, etc., ''received by said corporation for money loaned.''

In Bank of Kirksville v. Sloop, supra, the case was one governed by the Act of 1915; but the learned author of the opinion failed to observe that the legislature, in enacting section 90 of that act, in lieu of section 1112, Revised Statutes 1909, omitted therefrom the words "sell" and "selling" found in the last mentioned section. In the opinion the precise language of the old section is quoted as being section 90 of the Act of 1915; and the opinion proceeds upon this theory.

In the instant case it quite clearly appears that the evidence does not show a violation of section 90 of the Act of 1915, supra. The cashier of the bank did not undertake to "indorse, pledge or hypothecate" these notes; if indeed the transaction could be said to otherwise fall within the statute, since the positive testimony is that the bank received these notes by purchase from plaintiff, whereas the statute by its terms applies to notes received "for money loaned."

As to the transaction between the cashier and plaintiff, the evidence merely shows that this letter was written by the cashier to the clerk; that acting thereupon the clerk delivered the notes to plaintiff's counsel; and that the bank received no money for such transfer thereof. There is nothing in this statute to deprive the cashier of power to cause the notes to be delivered to plaintiff in order to enable her, as the payee named therein, to sue thereon.

Plaintiff, as the payee in possession of the note, is the holder thereof having the right to sue for its collection. [Section 10160, Revised Statutes 1909.] It was not necessary for plaintiff to go further and prove that she is such holder; the law raises a prima-facie presumption to that effect from the fact that she is the payee in possession, and there is nothing in the evidence tending to rebut that presumption. [Carter v. Butler, 264 Mo. 306, l. c. 326, 327, 174 S. W. 399.]

It is not suggested that the act of the cashier was in contravention of section 80 of the Act of 1915 which was enacted in lieu of section 1099, Rev. Statutes 1909, and which in part provides: "No new bills payable shall

be made and no bills discounted,'' without authority of the board of directors. And we regard it as clear that the facts are not such as to bring the cashier's act within the purview thereof.

In conclusion it may, perhaps, be well to say that the theory upon which the second and fourth counts of the petition proceed is not tenable, since a surety is not entitled to recover against his principal until he has paid the debt for which he became secondarily liable. [See McCormick v. Obanion, 168 Mo. App. 606, l. c. 619, and cases cited, 153 S. W. 267.]

The judgment is reversed and the cause remanded. *Reynolds, P. J.,* and *Becker, J.,* concur.