JACK S. MOSELEY, APPELLANT, v. R. L. SMITH, RESPONDENT.*

Kansas City Court of Appeals. November 11, 1929.

*Corpus Juris-Cyc. References: Banks and Banking, 7CJ, Section 160, p. 550, n. 73.

*Cave & Cuthbertson* and *Fry & Hollingsworth* for appellant.

*Baker & Baker* for respondent.

ARNOLD, J.—This is an action seeking to recover the sum of $1450 paid by plaintiff to defendant for a certain promissory note.

The facts are that on June 5, 1923, one T. A. Boyd executed and delivered to the Auxvasse Bank at Auxvasse, Missouri, his demand promissory note for the sum above mentioned at eight per cent compound interest. This note was given in renewal of a note or notes previously given by Boyd to the bank for borrowed money.

About August 15, 1924, defendant was in possession of the note in question, and represented himself to be the holder thereof under an indorsement of the Auxvasse Bank, as follows:

"For value received we hereby assign the note to R. L. Smith and guarantee payment of it.

"AUXVASSE BANK,

"F. C. STOKES, Cashier."

It appears that defendant induced Boyd to have his wife, Minnie L. Boyd, sign said note as a co-maker, and to give a second deed of trust on certain land owned by Boyd, to secure the payment thereof. About May 9, 1925, defendant, still in possession of the note, sold and delivered same to plaintiff for $1450, indorsing said note without recourse. At the time of this alleged transfer of the note, it bore the following indorsement by defendant:

"Interest paid to 6-5-24."

After receiving the note plaintiff made two entries thereon, crediting same with interest for the years 1925 and 1926, but plaintiff claims he received only $50 from the maker.

It is in evidence that shortly before the institution of this suit plaintiff consulted Mr. Hollingsworth, one of his present counsel, about bringing foreclosure proceedings to enforce collection under the second deed of trust above mentioned, and then, for the first time, learned that his title thereto was questioned. A few days prior to the filing of this action, plaintiff made demand on defendant for the return of the $1450, which was refused, and about January 1, 1928, this suit was instituted to recover the amount with simple interest from May 14, 1925.

The petition alleges that at the time defendant undertook to sell and transfer said note to plaintiff, defendant had no title thereto, and therefore had conveyed no title to plaintiff; that, consequently,

defendant had received of and from plaintiff the said sum of $1450, without giving any consideration in return therefor. And the petition contains the offer of plaintiff to lodge the note with the clerk of the court for the use and benefit of any person who might establish his title thereto.

The answer is, first, a general denial; second, a claim of title by indorsement of the Auxvasse Bank by resolution of its board of directors, under date of March 1, 1924; third, that, in fact, plaintiff had paid said note and had not bought the same; fourth, that plaintiff was estopped from maintaining this suit by reason of certain acts and conduct on the part of himself and Boyd, coupled with other allegations which, on motion of plaintiff, were stricken from the answer and need not be stated here.

There are some undisputed facts disclosed by plaintiff's evidence which should be discussed. First, since coming into possession of the note plaintiff has collected and credited on the back thereof interest for the years 1925 and 1926. Second, no one except plaintiff has ever questioned plaintiff's title to the note, and the question was not raised until after plaintiff had been in possession thereof for three years. Third, that neither prior to, nor at the time of filing the suit was there any offer by plaintiff to return the note. Even when the original petition was filed the note was neither tendered into court nor to defendant; and, fourth, since the filing of the suit and on the day the cause went to trial, plaintiff filed his amended petition containing the following allegation:

"And plaintiff here and now tenders into court and offers to lodge with the clerk of this court the promissory note above described for the use and benefit of any person or persons whomsoever that may establish his or their ownership thereto."

It appears also that during the course of the trial, in the same language used in the clause of the amended petition quoted above, plaintiff made the same tender. At no time has plaintiff offered to return the note to defendant, but denies defendant's right thereto. In respect to the matter of tender, plaintiff contends that the proposed tender into court was objected to and refused by defendant, not upon the ground that it was not an absolute tender, but that the note had been materially changed since its original execution, in that the name of Minnie L. Boyd had been added thereto, as a co-maker; and this notwithstanding the fact defendant admitted the signature of Minnie L. Boyd thereto was obtained at his instance while the note was in his possession.

The pleadings consisted of the petition, as amended, and the answer above mentioned. The reply was a general denial. The cause was tried to a special judge without the aid of a jury. Evidence was heard and the cause taken under advisement. On May 23, 1928, the court announced its findings in favor of defendant in

accordance with a letter written May 7, 1928, by the special judge who heard the cause, and it was agreed said letter should become a part of the record. Judgment was accordingly entered. The said letter is as follows:

"May 7, 1928.

"Mr. E. R. Humphreys, Circuit Clerk,
"Fulton, Mo.
"Dear Sir:

"In the case of Jack S. Moseley v. R. L. Smith, tried and submitted on briefs sometime ago, I have reached the following conclusions:

"That section 11762, Revised Statutes 1919, forbids the cashier of a bank endorsing, pledging or hypothecating any notes received by it for money loaned, without first having authority of record therefor, given by the board of directors;

"That under said section the endorsement of the note in question without such previous authority was null and void;

"That said section in its present form, however, does not prohibit the sale of such note for face value;

"That a negotiable note such as the one in question may be transferred without written endorsement and the sale and delivery by the cashier for the face value received by the bank transferred the equitable title to the note to the defendant.

"Revised Statutes 1919, section 835.

"And under our code the holder of such title to a note, being the real party in interest, may sue upon it.

"Revised Statutes, section 1155.

"Bennett v. Pound, 28 Mo. 598.

"That the assignment of the note by the defendant to plaintiff vested in plaintiff the same title and rights that defendant had;

"That should the bank invoke the statute for the benefit of its creditors by asserting legal title to the note equity would at least require that it refund the amount paid for the note which it had received and used. Plaintiff cannot complain of such situation. I regard what is said in Bank v. Welpman, 284 S. W. 177, about the effect of the deletion of the word 'sell' from the statute (section 11762), in 1915 as dictum and not binding authority.

"Furthermore, when plaintiff elected to avoid his contract of purchase, on account of the illegality in defendant's title to the note, it became his duty to restore defendant to the status he occupied immediately before the contract; plaintiff had possession of the note under claim of ownership prior to the contract. The note should have been tendered back to defendant. A mere tender into court without a petition asking that reputed claimants be required to interplead would not be sufficient. Again, such a rescission must be *in toto*. It appears that plaintiff retained a payment or more of in-

terest received by him from the maker of the note. This fact also made the tender insufficient.

"The foregoing views make it unnecessary to pass upon other questions raised in the case.

"A finding for defendant will be entered at the next term.

"Please furnish attorneys on each side a copy of this letter.

"Yours very truly,

"A. W. WALKER."

A timely motion for a new trial was overruled and plaintiff has appealed.

In his assignments of error plaintiff asserts the court erred in holding (a) "That section 11762, Revised Statutes 1919, does not prohibit the sale of such note for face value. (b) That a negotiable note such as the one in question may be transferred without written indorsement, and the sale and delivery by the cashier for value received by the bank transferred the equitable title of the note to defendant. (c) And under our code the holder of such title to a note, being the real party in interest, may sue upon it. (d) That the assignment of the note by the defendant to plaintiff vested in plaintiff the same title and rights that defendant had. (e) That should the bank invoke the statute for the benefit of its creditors by asserting legal title to the note, equity would at least require that it refund the amount paid for the note which it had received and used. Plaintiff cannot complain of such situation. I regard what is said in Bank v. Welpman, 284 S. W. 177, about the effect of the deletion of the word 'sell' from the statute (section 11762) in 1915, as dictum and not binding authority. (f) Furthermore, when plaintiff elected to avoid his contract of purchase, on account of the illegality in defendant's title to the note, it became his duty to restore defendant to the status he occupied immediately before the contract; plaintiff had possession of the note under claim of ownership prior to the contract. The note should have been tendered back to defendant. A mere tender into court without a petition asking that reputed claimants be required to interplead would not be sufficient. Again a rescission must be *in toto*. It appears that plaintiff retained a payment or more of interest received by him from the maker of the note. This fact also made the tender insufficient."

It is agreed that the question decisive of this appeal is whether defendant transferred title to the note in question to plaintiff at the time he received from plaintiff the $1450 in consideration therefor. This involves the proper construction of section 11762, Revised Statutes 1919, as it is now written, after the word "sell" has been deleted therefrom by the amendment of 1915. It appears in evidence that the cashier of the Auxvasse Bank sold and delivered the note to defendant without a previous resolution of the board of directors of the bank. This irregularity was attempted to be cured by a

resolution of the board after the transfer of the note ratifying the sale and delivery thereof. This court held in Bank of Kirksville v. Sloop, 198 Mo. App. 225, 200 S. W. 72, and in Stover Bank v. Welpman, 284 S. W. 1. c. 179, that under the facts as they appear herein the defendant had no title to the note and therefore in this suit defendant could convey to plaintiff no title because of the absence of a resolution of record authorizing the sale before the transaction took place.

But these decisions are in conflict with our opinion in Cantrell v. Davidson, 180 Mo. App. 410, 168 S. W. 271, and with that of the St. Louis Court of Appeals in Taylor v. Fuqua, 203 Mo. App. 581, 219 S. W. 971. The Welpman case was certified to the Supreme Court and we now have the opinion of that court. [Stover v. Bank, 19 S. W. (2d) 740.] The opinion holds this court was in error in deciding that because of the absence of a resolution authorizing the sale of the note prior to the transaction, the sale was thereby void. Further, the opinion holds the indorsement of a note without recourse is merely evidence of the transfer from the bank and that the assignor is not liable for the maker's default; also that statutes prohibiting indorsement, pledge or hypothecation of a note without authority of a bank's board of directors do not extend to indorsements constiting mere sale of the note. [Citing Revised Statutes 1909, section 1112, as amended Laws of 1915, p. 146, par. 90, Revised Statutes, section 11762.] The opinion declares the law applicable to all the facts in this case, and we must be guided thereby. This being true, the judgment must be affirmed, and it is so ordered. *Bland, J.*, concurs; *Trimble, P. J.*, absent.

